E. A. BOEHNE *et al.*, Respondents, *v.* ANDREW MURPHY, Appellant.

1. *Guaranty — Whether to be held continuing or otherwise — Construction, how determined.*—When it is doubtful, from the language contained in it, whether a guaranty was for a single dealing or a continuous one, the true principle of sound ethics is not to set up a presumption for or against the guarantor, but to give the contract the sense in which the person making the promise believed the other party to have accepted it, if he in fact did so accept it.

2. *Contract — Stamp, omission of — Intent.*—Where an order, as originally drawn, was without a revenue stamp, and no issue was made at the time of the trial in relation to the intent of the omission, an objection to the introduction of the order was properly overruled. (Whitehill v. Shickle, 43 Mo. 537, affirmed.)

*Appeal from St. Louis Circuit Court.*

*Garesche & Mead*, for appellant.

I. The instrument on which this suit is founded was improperly admitted in evidence, as the record shows that it was not

stamped, as required by the internal revenue laws of the United States, when first offered, and the respondents have not proceeded in the manner required to make an unstamped instrument valid. (U. S. Stat. at Large, 481, §§ 152, 158.)

II. The instrument sued on was a guaranty only for the payment of the goods obtained on its first presentation. The liability of a surety is not to be extended by implication beyond the term of his contract. (Miller v. Stewart, 9 Wheat. 702; Fisher v. Cutter, 20 Mo. 206.) A guaranty will not be construed as a continuing one unless its language clearly indicates that such was the intention of the parties. (White v. Reed, 15 Conn. 457; Dixon v. Fraser, 1 E. D. Smith, 32; Fellows v. Prentiss, 3 Den. 512; Boyer v. Ewart, 1 Rice, 126; Whitney v. Groot, 24 Wend. 82.)

*J. J. McBride*, for respondents.

BLISS, Judge, delivered the opinion of the court.

The defendant gave to one Tully the following letter of credit addressed to plaintiff:

"ST. LOUIS, March 28, 1867.

"Messrs. BOEHNE & GERKEN, City:

"GENTLEMEN: Please let Mr. P. Tully have the paints, oils, varnishes, glass, etc., he wants. I will be security for the amount for what he will owe you.

ANDREW MURPHY."

The plaintiffs let Tully have the goods from time to time, from the date of the order, for about six months, amounting in all to $575, and Tully made various payments so as to reduce the amount due to $145; to recover this balance the plaintiffs sue the guarantor.

The main controversy arises in regard to the construction of the guaranty, the action being based upon the assumption that it is a continuing one. The intention of the guarantor is certainly not very plain, and he now contends that he only designed to obtain a credit for a single purchase, in order to start a friend in business.

There seems to have been some difference among eminent judges in stating the principle that should govern the con-

struction of papers of this kind — Lord Ellenborough, in Merle v. Wells, 2 Campb. 413, holding that the words should be taken most strongly against the guarantor, and if he meant to be surety for a single dealing only, he should take care to say so; and Judge Story, in Cremer v. Higginson, 1 Mason, 323, saying that in a doubtful case the presumption should be against the construction that the guaranty is continuing. But I do not know that there is any special rule that applies to this class of writings, and Chancellor Kent (2 Com. 557) thus states the rule that should govern us in the construction of all contracts: "The modern and more reasonable practice is to give the language its just sense, and to search for the precise meaning, and one requisite to give due and fair effect to the contract, without adopting either the rule of a rigid or of an indulgent construction. * * * The true principle of sound ethics is to give the contract the sense in which the person making the promise believed the other party to have accepted it, if he in fact did so understand and accept it." The Supreme Court of Connecticut, in White v. Reed, 15 Conn. 457, applied this rule of construction to a case of guaranty, and held that the words " for any sum that my son George may become indebted to you not exceeding $200, I will hold myself accountable," did not imply a continuing guaranty.

Is there anything in the language of the present defendant, or in the circumstances in which the parties were placed, to indicate that the guarantor supposed that the guaranty was accepted as a continuing promise? But little light can be thrown upon the meaning by the numerous cases in the books, for the reason that in each case the intention of the parties is arrived at from the pecular phraseology used and the object of the guaranty.

Tully was about to go into business, and was without cash or credit. The defendant knew him, and he was a relative of his family. "The paints, etc., he wants" constituted the stock he might from time to time need to carry on the business in which he was about to engage. Had all that was in the mind of the defendant been expressed, the order would have been something as follows: "My friend, P. Tully, is about to engage for the

coming season in the business of house painting, glazing, etc. Let him have the material he may want to carry on his business, and I will be security for any balance that may be found due you." This must have been the understanding, or we must suppose that the defendant meant to guarantee a purchase sufficient to stock a paint shop, or sufficient to complete any specific painting and glazing contract he might enter into. But painters, especially those without capital or credit of their own, are not in the habit of keeping a full stock of material on hand, but their custom is rather to purchase of the dealer, as they are called upon to use it. It is not reasonable to suppose that defendant intended that his friend should stock a paint shop at his expense, but rather that he intended to aid him in performing such jobs of work as he might from time to time obtain. The order specifies neither time nor amount, and the phrase "for what he will owe you" would more naturally imply a balance due at the end of the painting season, or when the defendant should put an end to the credit, than a balance of the first bill he might purchase.

The order, as originally drawn, was without a revenue stamp, and one was afterward placed upon it. No issue was made in relation to the intent of the omission, and the objection to the introduction of the order was properly overruled. (Whitehill v. Shickle, 43 Mo. 537, and cases cited.)

The other judges concurring, the judgment of the Circuit Court is affirmed.