———o———

MICHAEL BOLY, Respondent, *vs.* ANTON LAKE, Appellant.

1. *Practice, civil—Trial—Evidence—Unstamped agreements.*—A written agreement, not stamped as the law requires, is admissible in evidence upon a stamp being affixed and cancelled.

*Appeal from Jefferson Circuit Court.*

*John L. Thomas & Bro,* for Appellant.

I. The contract, offered in evidence by plaintiff, was not admissible, not being stamped according to law. The contract by act of congress is invalid. (Bump Int. Rev. Laws, 313, § 158, and note *a*.)

II. Even if the respondent had a right to put a stamp on at the trial, he could only do so upon proof, that either the stamp was forgotten at the time, or for some other reason it was omitted with no fraudulent intent. (Whitehill vs. Shickle, 43 Mo., 537.)

*Jos. J. Williams*, for Respondent.

I. The plaintiff was properly permitted at the trial to stamp the contract offered in evidence by him. (Boehne vs. Murphy, 46 Mo., 57.)

NAPTON, Judge, delivered the opinion of the court

This was a suit originating before a justice of the peace to recover $60, due on a contract to dig a well, in which the contractor agreed to get water for $50 in dirt, and two and one half dollars per foot for blasting, and if no water was obtained there was to be no pay.

The issue, as to whether water was obtained, was submitted to the jury, and found for plaintiff, both before the justice and in the Circuit Court.

The instructions asked by defendant were all given.

The only point in the case is, that a written agreement, which was not stamped as the law required, was allowed to go in evidence upon a stamp being affixed and cancelled.

Upon the authority of Whitehill vs. Shickle, 43 Mo., 537, and Boehne vs. Murphy, 46 Mo., 57, the judgment is affirmed.

The other judges concur.