ROBERT P. SMITH *et al.*, Appellant, v. T. C. VAN WYCK, Respondent.

Kansas City Court of Appeals, April 14, 1890.

Guaranty : SINGLE OR CONTINUOUS DEALING : RULE OF CONSTRUCTION. When it is doubtful from the language contained in the contract whether the guaranty was for a single dealing or for a continuous one, the true principle of sound ethics is not to set up a presumption for or against the guarantor, but to give the contract the sense in which the person making the promise believed the other party to have accepted it, if in fact he did accept it ; so where M. a tenant of defendant, placed orders for goods to the amount of

thirteen to seventeen hundred dollars with plaintiffs, wholesale merchants, who thereupon told defendant, if he would guarantee the payment of thirteen hundred dollars, they would fill the orders and take their chances on the excess.; and plaintiffs then executed this writing : "I hereby guarantee the payment of bills as they mature purchased by M. of R. P. Smith & Sons * * * to the amount of thirteen hundred dollars." *Held*, said writing was not intended to be a continuing guaranty.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Jenkins & Wells*, for the appellant.

" If there is doubt on the face of the instrument as to whether or not it is a continuing guaranty the words used are to be received and accepted in the strongest sense against the party using them." *Shine v. Bank*, 70 Mo. 524 ; *Wilrath v. Thompson*, 4 Hill. 200 ; *Pratt v. Mathews*, 24 Hun. 387 ; *Gates v. McKee*, 3 Kernan ( N. Y.) 236 ; *Seckle v. Marsh*, 44 How. Prac. ( N. Y. Rep.) 91 ; *Merle v. Wells*, 2 Campbell, 413 ; *Mason v. Pritchard*, 12 East. 227 ; *Mayer v. Isaacs*, 6 Meeson & Wellsby, 610 ; *Barton v. Bennett*, 3 Camp. 220 ; *Hargreave v. Snell*, 6 Bing. 244 ; 2 Parsons Cont. [ 6 Ed.] 494 and 499 ; Brandt on Guar., sec. 130.

*C. O. Tichenor*, for the respondent.

( 1 ) Had declarations of law been given or refused, and exceptions saved, so as to have raised the question, it could not be held that the guaranty was a continuing one. *Boehne v. Murphy*, 46 Mo. 57 ; *Shine's Adm'r v. Bank*, 70 Mo. 533 ; *Schwartz v. Heymen*, 107 N. Y. 562. ( 2 ) While it may be true that notice was not required to defendant as to the goods bought at date of guaranty, yet as to future purchases, under the circumstances,

plaintiffs should have given notice.  *Bank v. Shine*, 48 Mo. 409 ; *Machine Co. v. Jones*, 61 Mo. 409 ; *Taylor v. Shouse*, 73 Mo. 361.

SMITH, P. J.—The abstract of the record in this case does not conform to the requirements of rule 15 governing practice in this court.  It does not set forth the pleading, or the substance thereof.  Nor the substance of the evidence, for numerous references are made in the plaintiff's combined brief and argument, to pages of the transcript for what the evidence there conduces to show.  It does, however, contain extracts from the record of the evidence, but nothing more.  It is not disclosed by the abstract that there were any instructions asked, given or refused, or that there was a motion for a new trial filed, and overruled in the case. The defendant had judgment and plaintiffs appeal.

I.   While the abstract is exceedingly imperfect, it does appear therefrom that the plaintiffs sued defendant upon this undertaking :

"KANSAS CITY, Mo., July, 1885.

"I hereby guarantee the payment of bills as they mature, purchased by E. S. Mendenhall of R. P. Smith & Sons, of Bloomington, Illinois, to the amount of thirteen hundred dollars ( $1300 ).

"T. C. VAN WYCK,

"1501 East Eighteenth Street,"

For a bill of goods amounting to $1,240.60, sold by plaintiffs to said Mendenhall.  The facts and circumstances surrounding the execution of the said undertaking, and the relation of the parties thereto, and to each other, may be summarized thus :  Defendant had rented to Mendenhall a store and business house. Mendenhall had placed with one of the plaintiffs, who were wholesale merchants, an order for goods amounting from thirteen hundred to seventeen hundred dollars. The plaintiffs hesitated about filling the order, and

one of them went to defendant and told him that Mendenhall had placed with them an order for goods to the amount stated, and that they did not like to fill the same unless defendant would guarantee the payment thereof; that if defendant would give his guaranty for thirteen hundred dollars, and if they sold Mendenhall more goods than that, on such excess they would take their chances for collecting. That thereupon the defendant signed the undertaking sued on. The plaintiffs delivered Mendenhall goods to the amount of the defendant's guaranty, for the payment of which the defendant furnished part of the money. The plaintiffs thereafter continued to sell goods to Mendenhall for about two years, amounting in the total to several thousand dollars. Finally Mendenhall failed, owing the plaintiffs on account of such sales the amount sued for. It may be well doubted whether any question of interpretation of the said undertaking properly arises on the abstract of the record before us, and at which alone we can look. But, waiving the consideration of that question for the present, we may state that it appears to us that if we interpret the language of the said undertaking in the light of a knowledge of the relation of the parties, their antecedent acts, and of the subject-matter of the same, as we have the right to do (2 Parsons on Contracts [7 Ed.] top p. 564; *Edwards v. Smith, Adm'r*, 63 Mo. 119; *Bunce, Adm'r, v. Bick's Ex'r*, 43 Mo. 266; *Hutchinson v. Bowker*, 5 Mees. & W. 535; *Black River L. Co. v. Warner*, 93 Mo. 374), it becomes quite obvious that it cannot be held to be a continuing one, and this, too, in view of the maxim, *verba fortius accepiuntur contra proferentem.* It is held in this state that when it is doubtful from the language contained in the contract, whether the guaranty was for a single dealing or a continuous one, the true principle of sound ethics is not to set up a presumption for or against the guarantor, but to give the

contract the sense in which the person making the promise believed the other party to have accepted it, if, in fact, he did accept it. *Boehne et al. v. Murphy*, 46 Mo. 57; *Shine's Adm'r v. Bank*, 70 Mo. 524. Extrinsic evidence cannot be received to contradict, add to, subtract from or vary the terms of a guaranty, but, as has been stated, when its meaning is doubtful, or obscurely expressed, parol testimony in relation thereto, requisite to a clear understanding of its purport, is admissible. The very language of the instrument sued on negatives the idea that it was intended to be a continuing guaranty. When the relation of the parties, and the circumstances under which the guaranty in question was entered into, are considered, its meaning becomes quite apparent. The fact that plaintiffs had sold Mendenhall goods amounting to thirteen hundred dollars, and that they would not deliver the same to him without defendant would guarantee the payment thereof, coupled with the further fact that this amount was inserted in the instrument, for which defendant bound himself for "bills, as they mature, purchased"—not to be purchased—conclusively shows that the transaction and undertaking related solely and entirely to the unfilled order, or orders, for goods plaintiff had received of Mendenhall, at the time of the execution of the contract, and not to subsequent sales and purchases. We think that upon the record before us the judgment of the circuit court was for the right party. The exceptions to the rulings of the court in respect to the introduction of evidence were not preserved by a motion for a new trial, as appears by the abstract. But, whether this is so, or not, it is quite evident that none of these adverse rulings of the court to the plaintiffs materially affected the merits of the case. Indeed, the plaintiffs, in their brief, make no point in respect to that matter. The judgment, with the concurrence of Judge ELLISON, Judge GILL not sitting, will be affirmed.