## L. BAUMAN JEWELRY COMPANY, Respondent, v. A. BERTIG, Appellant.

### St. Louis Court of Appeals, October 31, 1899.

1. **Pleading:** PETITION, SUFFICIENCY OF. Where a petition fails to allege that a debt is due, and the omission can not be supplied by any inference deducible from any or all of the allegations in the petition, it is fatally defective.

2. ———: ———: ANSWER MAY SUPPLY DEFECT IN PETITION. And a judgment founded on such a defective petition will have to be reversed unless the defect is cured by some allegation or admission in the answer.

3. **Guarantor:** CONSTRUCTION OF CONTRACT OF GUARANTOR. One interpreting a contract of guarantyship should put himself in the place of the contracting parties and view the subject-matter of the contract and the object to be accomplished, from their standpoint.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*F. H. Sullivan* and *R. M. Nichols* for appellant.

(1)   The petition does not state facts sufficient to constitute a cause of action, and the motion in arrest should have prevailed below, for the following reasons:   It does not allege that the debt owing by Lippman, the principal, nor the amount claimed from the guarantor was due at the time this action was instituted. Spears v. Bond, 79 Mo. 467, 471; Minor v. Coal Co., 25 Mo. App. 84; Brown v. Shock, 27 Id. 354; Mfg. Co. v. Burns & Co., 59 Id. 393; Wright v. Ins. Co., 73 Id. 365; Mitchell v. Dall, 2 Har. and Gill. 159.   (2)   It alleges a guaranty by defendant of transactions to be had between the plaintiff and Lippman personally and individually, and attempts to recover on the guaranty for goods claimed to have been furnished to a third person through Lippman as agent. Ex parte James, 59 Mo. 280; Mitchell v. Railton, 45 Mo. App. loc. cit. 277; Mallory v. Brent, 75 Id. 480; Furn. Co. v. Crawford, 127 Mo. 364.   (3)   It fails to allege that Lippman owes anything for goods furnished him subsequent to the execution of the guaranty and fails to allege that any part of the debt claimed to be owing to plaintiff by Lippman is for goods furnished him after the guaranty was executed.   Weil v. Greene Co., 69 Mo. 281; Townsand v. Dry Goods Co., 85 Id. 503; Furn. Co. v. Wallace, 21 Mo. App. 128; Freymark v. Bread Co., 55 Id. 435; Storey v. Ins. Co., 61 Id. 537; Sappington v. Ins. Co., 72 Id. 74; Wright v. Ins. Co., 73 Id. 367.

*Nathan Frank* and *Jones & Herold* for respondent.

(1)   The petition of plaintiff states facts sufficient to constitute a cause of action even had objection to the introduction of testimony under it been made upon the trial.   (2)   In passing upon the sufficiency of a pleading, aided by verdict, for the purpose of determining whether it will support the judgment entered thereon, every intendment is raised in its favor, and if from the express allegations contained therein

the existence of other material matter not expressly alleged can be implied, or if from any allegation however general a presumption is deducible that a material fact not expressly stated exists, that is sufficient, and a motion in arrest can not be sustained. Evans v. Bank, 79 Mo. 182; Bank v. Leyser, 116 Mo. 73; Edmonson v. Phillips, 73 Mo. 59, 60; Saulsbury v. Alexander, 50 Mo. 142; Bowie v. Kansas City, 51 Mo. 461; State ex rel. v. Williams, 77 Mo. 467; Dillon v. Hunt, 82 Mo. 150; Weaver v. Harlan, 48 Mo. App. 323. (3) When anything is omitted in the declaration though it be matter of substance, if it be such that without proving it at the trial the plaintiff could not have had a verdict, and there is a verdict for the plaintiff, such omission is no cause for arresting or reversing a judgment. Parg. 9, sec. 2113, R. S. 1889; Buck v. Peoples Railway, 46 Mo. App. 555;Peoples Bank v. Scalzo, 127 Mo. 165, 189; McDermott v. Claas, 104 Mo. 22.

BLAND, P. J.—Trial by the court sitting as a jury; judgment for plaintiff for $627.50, from which defendant appealed.

Plaintiff began the suit on December 18, 1894 by filing the following petition in the clerk's office, omitting caption: "Plaintiff states it is a corporation duly incorporated under the laws of the state of Missouri. That on the 13th day of January, 1892, L. Lippman, agent, doing buisness as a jewelry merchant in the city of St. Louis, Mo., was desirous of opening an account with the plaintiff and purchasing of the plaintiff certain jewelry. The plaintiff was unwilling to sell said L. Lippman, agent, any goods because of his pecuniary irresponsibility. Whereupon the defendant on said 13th day of January, 1892, in writing duly signed by him, requested plaintiff as follows: 'Please allow Mr. L. Lippman to have goods to the amount of five hundred dollars and I will be responsible to you for the same. This order shall remain in force until I advise you to the contrary.' Said plaintiff accepted said guarantee and notified A. Bertig of the same. Thereupon the plaintiff

allowed L. Lippman, agent, to have goods from time to time. That said L. Lippman, agent, is indebted to plaintiff in the sum of thirteen hundred, seventy-one 10-100 ($1,371.10) dollars for goods that they allowed him to have and said L. Lippman, agent, has refused to pay same or any part thereof.

"Wherefore the defendant is indebted to plaintiff in the sum of five hundred ($500) dollars. That said defendant has often been notified to pay same, but he heretofore refused to do so.

"Wherefore plaintiff prays judgment for said sum of five hundred ($500) dollars and interest from the time of the demand to pay same, namely February 2, 1894."

The answer was a general denial, supplemented by the following new matter: "And for a second and further answer herein this defendant says that if he did not execute the alleged writing, a copy of which is purported to be set forth in plaintiff's petition thereafter and on or about to wit: January 1, 1893, he settled all and singular his liability thereon by turning over to said plaintiff all jewelry then in the hands of said L. Lippman and paying a deficit of four hundred and ninety dollars then found to be due by reason of jewelry which before that time had been given to said L. Lippman on memoranda not then being in the hands of said L. Lippman and on or about said date this defendant notified plaintiff that he would no longer be responsible upon said alleged or claimed contract of guaranty and revoked the same, and notice of revocation was on or about said last mentioned date duly given to plaintiff. And having fully answered in the premises defendant prays to be hence dismissed with his costs in this behalf expended."

The written guaranty (correctly set out in the petition) was read in evidence. It was also shown that it was written out and signed at the plaintiff's place of business in the city of St. Louis, and that the circumstances leading to its execution were these: That Lippman desired to purchase goods of plaintiff on memorandum sales; that plaintiff was unwilling to give

him credit, and the guaranty was given by defendant to enable Lippman to obtain goods from plaintiff on memorandum sales. By memorandum sales the witnesses explain, Lippman would come into the store and select such goods as he desired and take them away; if he failed to sell them within a day or two he had the privilege of returning them, or to retain and pay for them. Under this arrangement the evidence shows that Lippman almost daily, until the closing of the account in December, 1893, received from plaintiff articles of jewelry aggregating in price $3,544.10; that of these plaintiff returned articles of the value of $747.50; paid $1,425.50, and owed a balance of $1,371.10. Defendant then offered evidence tending to prove the new matter set forth in his answer. Evidence in rebutal thereto was offered. At the close of plaintiff's evidence defendant offered an instruction in the nature of a demurrer to plaintiff's whole case, which was refused.

(1) The first point urged by appellant is that the petition fails to state a cause of action, in that it fails to aver the debt sued for was due when the suit was begun. The allegation that the debt was due is not made in the petition, nor can the omission be supplied by any inference deducible from any or all of the allegations in the petition. For this omission the petition is fatally defective. Wright v. Ins. Co., 73 Mo. App. 365, and the judgment will have to be reversed, unless the defect is cured by some allegation or admission in the answer. The answer states that on January 1, 1893, defendant settled and paid what was then due on account of all jewelry which respondent had let Lippman have to that date, and then notified respondent that he withdrew his guaranty. The petition states that the account was opened with Lippman on January 13, 1892, but does not state when it was closed; the alleged settlement was on January 1, 1893. The reasonable inference to be drawn from the petition and the answer when construed together, is that the account was closed January 1, 1893, and we have from the answer the direct averment of defendant that

on the latter date the debt was due.    This admission cured the
defect in the petition, for it dispensed with the necessity of
proving that the debt was due when the suit was begun.
Ricketts v. Hart, 51 S. W. Rep. 825.    It is true that on the
trial the evidence disclosed that the account was not closed
until December 25, 1893, a year after the alleged settlement,
but this fact does not change the face of the pleadings.    The
presumption is also inferable that if the price of goods pur-
chased in 1892 became due January 1, 1893, that the price of
goods purchased in 1893 became due January 1, 1894, as there
was no change in the terms of the sales.

(2)    The most difficult question presented and discussed
in the brief for our solution is the construction which should be
placed on the written guaranty.    Appellant insists that the
guaranty limited respondent in its dealings with Lippman to
the delivery of goods to the value of $500, and no more; that
these might not all be delivered at one time, but from time
to time, but however or whenever the account aggregated $500
the guaranty was filled.    On the other hand respondent insists
that the guaranty is a continuing one; that it authorized a con-
tinuing credit to Lippman of $500 and was available security
for that amount of indebtedness of Lippman to respondent at
any period in the course of their dealings, irrespective of the
amount of goods purchased, or the time or times of pur-
chase, so long as it was not revoked.    In many of the opinions
of the appellate judges in suits against sureties and guarantors,
we find such expressions as that "sureties and guarantors are
favorites of the law;" that the claim against them "is *strictis-
simi juris*," and, that "that construction should be given their
contracts which is most favorable to them." There are well
established rules for the interpretation of this class of contracts
but they are not to be used for the purpose of puncturing holes
in the contracts of guarantors to afford them a means of escape,
nor to set traps to ensnare the persons to whom the guaranty
is given; and where there is no ambiguity, no uncertainty as

to the meaning of the contract, and the intention of the parties is apparent, there is no room for construction. The object of all construction is to search for the precise meaning of the writing under consideration, and when that is ascertained to give it just effect. Where there is ambiguity, or the meaning is not obvious, then the rules of construction should be called in to serve as aids to a correct interpretation of that which by its terms is left in doubt, but when this is done the interpreter should put himself in the place of the contracting parties and view the subject-matter of the contract and the object to be accomplished, from their standpoint. Mitchell & Bro. v. Railton, 45 Mo. App. 273. The contract in hand is susceptible of two constructions—the one contended for by appellant, and the one contended for by the respondent. If we leave out of view the circumstances under which it was executed and the purpose for which it was given, then under the rule that it should be construed most favorably to the guarantor would give the construction contended for by the appellant. Shine's Adm'r v. Central Savings Bank, 70 Mo. 524. But if we read the contract in the light of the surrounding circumstances this construction can not be adopted without defeating the very object the parties had in mind when the guaranty was given. The intention of both parties was to give Lippman a continuing credit. The writing is quite similar to the one construed in Boehne v. Murphy, 46 Mo. 57, which read as follows: "Messrs. Boehne & Gerken, City.—Gentlemen: Please let Mr. P. Tully have the paints, oils, varnishes, glass, etc., he wants. I will be security for the amount for what he will owe you.                Andrew Murphy."

Plaintiff sold Tully the goods for about six months, amounting in all to $575; a balance of $145 of this amount he failed to pay and suit was brought against Murphy on his guaranty to recover the balance. He, as appellant here, contended that the guaranty was a limited one, but the court, Judge Bliss writing the opinion, held otherwise, and in the

discussion used the following language: "Tully was about to go into business, and was without cash or credit. The defendant knew him, and he was a relative of his family." The paints, etc., he wants "constituted the stock he might from time to time need to carry on the business in which he was about to engage." Had all that was in the mind of the defendant been expressed, the order would have been something as follows: "My friend, P. Tully, is about to engage for the coming season in the business of house painting, glazing, etc. Let him have the material he may want to carry on his business, and I will be security for any balance that may be found due you." Applying a like illustration to the guaranty on hand, had Bertig expressed all that was in his mind, the order would have been something as follows: "My friend, Lippman, is about to engage in the sale of jewelry on memorandum account. Please let him have goods from time to time, and I will be responsible for any balance he may owe you, not exceeding $500. This order is a continuing one until revoked by me.

Counsel for appellant contends that the finding is against the evidence; that the proof of settlement as alleged in the answer was full and complete and not substantially contradicted by the testimony in rebuttal. It will suffice to say that there was substantial evidence as to this issue of fact pro and con, and that the question is not open to review by us.

The judgment is affirmed. All concur.