C. S. JOBES, Appellant, v. DAVID MILLER, Respondent.

Kansas City Court of Appeals, February 17, 1919.

1. **GUARANTY: Pleading: Demurrer to Petition.** Defendant, as president of a corporation, executed a note payable to plaintiff's assignor and at the same time, as an individual, made a written guaranty to pay the note addressed to the payee thereof, which, being a special guaranty was not assignable until a cause of action had arisen thereon and therefore a petition filed by the assignee of said guaranty, which fails to allege that a cause of action had arisen on the guaranty at the time it was assigned, does not state a cause of action.

2. ———: **Definition: Special Guaranty.** A guaranty is a separate independent contract, by which the guarantor undertakes, for valuable consideration, to be answerable for the payment of some particular debt, or future debts, or the performance of some duty, in the case of the failure of another person primarily liable to pay or perform. A special guaranty is limited to the person to whom it is addressed.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

AFFIRMED.

*Capron, Butcher & Knoop* for appellant.

*H. L. Arnold* for respondent.

BLAND, J.—This is an appeal from the action of the trial court in sustaining an objection to the in-

troduction of any evidence under the petition, on the ground that the petition fails to state a cause of action. The petition alleges that on or about the 9th day of February, 1914, the Boicourt Coal Company, by David Miller, its president, made, executed and delivered to James P. Ellison its certain negotiable promissory note by which it promised to pay on demand to the said James P. Ellison, or order, $950 with interest thereon at eight per cent per annum; "that at the same time and as a part of the same transaction, the defendant, David Miller, executed a written guarantee, guaranteeing to the said James P. Ellison the payment of the note above described; said guarantee being for a valuable consideration and in words and figures as follows:

Kansas City, Missouri,<br>February 1, 1914.

J. P. Ellison,
   707 Central St.,
     Kansas City, Mo.

I hereby guarantee to pay personally, note of nine hundred and fifty dollars ($950) and interest from date at eight per cent. of the Boicourt Coal Co., dated February 9, 1914, and signed by me, as president of that concern, and also any collection fees or expenses *you may be put to* regarding said note. David Miller." (Italics ours.)

The petition further alleges "that on or about the 9th day of September, 1915, said James P. Ellison assigned, transferred and conveyed" said note to plaintiff together with said "guarantee."

A guaranty is defined to be—

"A separate, independent contract, by which the guarantor undertakes, for valuable consideration, to be answerable for the payment of some particular debt, or future debts, or the performance of some duty, in the case of the failure of another person primarily liable to pay or perform." [Tidioute Savings Bank v. Libbey, 101 Wis. 193, l. c. 196.] There are several kinds of guaranties but generally speaking they are divided

into general and special. A general guaranty is one open to acceptance by the public generally. A special guaranty is limited to the person to whom it is addressed, and usually, but not necessarily, contemplates a trust or reposes a confidence in such person. A special guaranty may not be assigned until a right of action has arisen thereon. [Tidioute Savings Bank v. Libbey, supra; Everson v. Gere, 122 N. Y. 290; Schoonover v. Osborne, 108 Iowa, 453, l. c. 458; Allison v. Rutledge, 15 Tenn. 193.]

Some controversy appears to have formerly existed in respect to the rule governing the construction of guaranties; whether the rule should apply which entitles a surety to have his contracts strictly construed, or that imposing upon a party using the language the liability of having it interpreted most strongly against him; but the weight of authority now seems to favor that construction which shall accord with the apparent intention of the parties in conformity with the rule governing the construction of contracts generally. [Boehne v. Murphy, 46 Mo. 57; Allen v. Central Savings Bank, 4 Mo. App. 66; Evansville National Bank v. Kaufmann, 93 N. Y. 273, l. c. 279-280; 20 Cyc. 1423, 1424.]

Where the language of the guaranty is ambiguous and does not furnish conclusive evidence of its meaning, the circumstances of the case may be looked into and the intention of the parties arrived at from these sources of information. [Evansville National Bank v. Kaufmann, supra.] Where the guaranty relates to a negotiable instrument the court will not presume that the parties intended that the guaranty should not be assignable. [20 Cyc. 1432.] It seems to us there is nothing ambiguous on the face of this guaranty, and the rule in negotiable instrument cases against the presumption that the guaranty is not assignable has no application, because the guaranty on its face shows that it is a special guaranty. It is addressed to James P. Ellison and provides; "I hereby guarantee to pay personally, note, . . . and also any collection fees or

expenses *you may be put to* regarding said note."
(Italics ours.)

There can be no question but that the intention of
the maker of this guaranty was that it should be for
the benefit of James P. Ellison only. It was addressed
personally to James P. Ellison, the language it contains,
which we have quoted in italics, indicates that it was a
personal guaranty to Ellison, and there is no allegation
in the petition that the guaranty was endorsed upon the
note. Being a special guaranty it was not assignable
until a cause of action had arisen thereon.

While the petition stated that the note was made
payable on demand, there is no allegation to the effect
that a cause of action had arisen on the guaranty at
the time it was transferred to plaintiff. The payment
of the note may have been extended at the time it was
transferred or other conditions may have been present
preventing the existence of a cause of action at that
time. Suit was brought on August 6, 1917. The note is
alleged to have been due at that time but the note and
guaranty were transferred long before that date.

The judgment is affirmed. All concur.