56 P.(2d) 485

## McCALLISTER v. NATIONAL BANK OF NEW MEXICO OF RATON.

### No. 4103.

Supreme Court of New Mexico.

March 10, 1936.

Rehearing Denied April 13, 1936.

See, also, McCallister v. Farmers Development Co., 40 N.M. 101, 55 P.(2d) 657.

H. M. Rodrick, of Raton, for appellant.

F. S. Merriau, of Raton, and Kiker & Fernandez, of Santa Fé, for appellee.

BRICE, Justice.

This was a suit brought by appellant upon a written guaranty made by the appellee to appellant's assignor, guaranteeing the payment of a promissory note. A demurrer was sustained to the complaint upon the ground, among others, that the guaranty was special and limited to appellant's assignee. The plaintiff declined to amend,

and thereupon judgment was entered dismissing the complaint, from which judgment this appeal has been taken.

Facts alleged in the complaint sufficient to determine the case are as follows: Farmers Development Company made and delivered its promissory note in the sum of $3,684.58 to National Bank of New Mexico which forwarded it to the First National Bank of Springer, for sale and credit, following it with a letter in words as follows:

"National Bank of New Mexico
"Raton, New Mexico
                    "October 15, 1924

"Mr. C. R. Brown,
  "First National Bank
  "Springer, N. M.

"Dear Mr. Brown:

"With reference to the note of the Farmers Development Company sent you in our remittance of yesterday, and being dated May 1st, 1924, we will guarantee payment of it, principal and interest, with the understanding that renewals or extensions will be granted by you within reasonable limits so as to give the company a chance to work out in an orderly manner.

"We will also furnish you shortly a copy of the latest financial statement submitted to us by the company.

          "Yours very truly,
                    "Ernst Ruth, Cashier."

We take it from the words of the guaranty that the note was not purchased by the Springer bank until after the guaranty was received by it. The latter bank attached this guaranty to a renewal of the note guaranteed and sold such renewal note with the guaranty attached, to appellant. The only question is whether the guaranty was general and assignable, or special in its terms and therefore personal to the Springer bank.

1. The guaranty is not absolute, but made upon the indefinite condition "that *renewals or extensions will be granted by you* (First National Bank of Springer) within reasonable limits so as to give the company a chance to work out in an orderly manner." Except for the condition the guaranty would be general and run with the note. Everson v. Gere et al., 122 N.Y. 290, 25 N.E. 492. The fact that the guaranty was addressed to the Springer bank did not make it special (Page Trust Co. v. Wachovia Bank & Trust Co. et al., 188 N.C. 766, 125 S.E. 536, 37 A.L.R. 1368); nor is there any presumption that a guaranty is not assignable (Jobes v. Miller, 201 Mo.App. 45, 209 S.W. 549, 550); so that the character of the guaranty must be determined from the intention of the parties as gathered from the instrument read in the light of the attendant circumstances. McGowan et al. v. Wells' Trustee, 184 Ky. 772, 213 S.W. 573.

The guaranty here was not only directed to the First National Bank of Springer but was conditioned on *that bank* granting certain indefinite renewals or extensions it could not grant if the note was assigned.

The case is not unlike Jobes v. Miller, supra, in which a guaranty was held to be special and only for the benefit of the person addressed. It was in the following language.

"'Kansas City, Mo., Feb. 1, 1914.

"'J. P. Ellison,

"'707 Central St.,

"'Kansas City, Mo.

"'I hereby guarantee to pay personally, note of nine hundred and fifty dollars ($950.00) and interest from date at 8 per cent., of the Boicourt Coal Co., dated February 9th, 1914, and signed by me, as president of that concern, and also any collection fees or expenses *you may be put to* regarding said note. David Miller.' (Italics ours.)"

The Missouri court stated: "There can be no question but that the intention of the maker of this guaranty was that it should be for the benefit of James P. Ellison only. It was addressed personally to James P. Ellison. The language it contains which we have quoted in italics indicates that it was a personal guaranty to Ellison, and there is no allegation in the petition that the guaranty was indorsed upon the note. Being a special guaranty it was not assignable until a cause of action had arisen thereon."

█ The general rule is that the assignment of a negotiable note carries its security with it; but this does not apply to a guaranty the terms of which show it to be special and personal to the guarantee. Jobes v. Miller, supra.

The case of Security State Bank v. Gray, 224 Mo.App. 980, 25 S.W.(2d) 512, 515, throws some light upon the question. The defendant Gray guaranteed certain notes and renewals thereof to Security National Bank. An assignee bank renewed one of the guaranteed notes and claimed that Gray was liable on his guaranty. The court stated: "The guaranty dated March 7, 1921, was addressed to Security National Bank. It requested that bank to give and continue credit to the Kawnear Cabinet Company for $5,000. The defendant agreed 'to make *to you* prompt payment, as they severally mature of all overdrafts by the borrower, of all loans made or which may be made *by you* to the borrower.' It provided for a termination of the continuing guaranty by notice, in writing, 'given to your cashier.' It therefore follows that this guaranty could not be accepted by any one except the Security National Bank." And held that only the Security National Bank was authorized to accept notes or make renewals under that guaranty and therefore it did not secure a renewal made by an assignor; that the guaranty followed the note or a renewal, to an assignee; but did not secure a renewal made by the assignee. The court said: "It is one thing to hold that the right to assign the note carried with it the right to assign the guaranty, but it is another thing to hold that the assignment of the guaranty carried with it the unaccepted offer to guarantee the performance of new and as yet unexecuted obligations." That is, the guaranty, in so far as its offer

had been executed, was assignable with the guaranteed instrument, but until the offer to the bank to guarantee renewals *made by it* had been executed by it and no other, it did not apply to renewals. In other words, the offer guaranteed renewals made by the bank but not those made by an assignee.

█ When the note herein sued on was assigned to appellant, the guaranty was still conditional, and would become effective only when the renewals and extensions provided for had been made by the Springer bank, and no other. Other renewals or extensions on the note were admittedly necessary before the offer became an absolute guaranty, and when the Springer bank assigned the note it rendered itself powerless to perform the condition required to keep the offer good. It must be remembered the offer was not made to appellant; that at the time of the assignment of the note there was as yet no guaranty to assign, and the note's assignment to appellant necessarily canceled the offer of guaranty conditionally made to the bank.

Our conclusions make it unnecessary to decide the other questions presented. The district court did not err in sustaining the demurrer to the complaint, and its judgment will be affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.

On Rehearing.

BRICE, Justice.

█ Apparently appellant fails to understand the purport of our original opinion. He contends that the statement therein, "Other renewals or extensions on the note *were admittedly necessary* before the offer became an absolute guaranty," was not authorized by any fact pleaded. This criticism is apparently well, taken, but as we view it entirely immaterial. The demurrer was directed at appellant's complaint and sustained upon the ground, among others, that the guaranty sued on was special to the First National Bank of Springer and therefore appellant stated no cause of action in his complaint. The guaranty shows on its face that it was special and for the benefit of a third party. Appellant urges that appellee did not raise the question that the guaranty was conditional, which is true; but this is immaterial because the condition in the guaranty made it special and the demurrer was upon that ground. No presumption will be indulged, in the absence of an allegation to that effect, that the condition had been performed, for that would make a different case. Then, whether it was admitted that renewals were necessary to keep the offer good is immaterial. The case was based on a conditional guaranty, special to the Springer Bank, and no facts are alleged that would make it absolute or general. Therefore the demurrer to the effect that

it was a special guaranty was properly sustained.

We did not hold in our original opinion, as appellant seems to assume, that if the condition of the guaranty had been performed it would have been general. We stated: "The guaranty is not absolute, but made upon the indefinite condition 'that renewals or extensions will be granted by you (First National Bank of Springer) within reasonable limits so as to give the company a chance to work out in an orderly manner.' *Except for the condition* the guaranty would be general and run with the note * * *." But we did not pass on the effect of performance, as no such case is before us. The suit being upon a conditional guaranty, special to the First National Bank of Springer, the appellant cannot recover on it.

Motion for rehearing is overruled.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.