434 P.2d 695

**Kenneth G. WRIGHT and Arno R. Dalby, Defendants and Third-Party Plaintiffs-Appellees,**

v.

**LeRoy SUMRULD, Third-Party Defendant-Appellant.**

**No. 8414.**

Supreme Court of New Mexico.

Dec. 11, 1967.

Heidel, Swarthout & Samberson, Lovington, for appellant.

Williams, Johnson & Houston, Hobbs, for appellees.

## OPINION

COMPTON, Justice.

The original plaintiff in this case, Hobbs Houses, Inc., brought suit to recover rentals from the defendants, Kenneth G. Wright and Arno R. Dalby, who had "guaranteed" performance of a lease by Hobbs White Truck Company, Inc. The defendants settled but as third-party plaintiffs they sued third-party defendants LeRoy Sumruld and J. C. Hayden for reimbursement. From a judgment granting reimbursement to third-party plaintiffs, the third-party defendant Sumruld appeals. Hayden was never served with process.

On February 11, 1957, Hobbs Houses, Inc. leased to Hobbs White Truck Company, Inc. certain premises in Hobbs, New Mexico for a period of ten years, rentals payable at $500.00 monthly. The appellees, Wright and Dalby, were the principal stockholders in Hobbs White Truck Company, Inc. In a writing executed February 8, 1957, and attached to the lease, the appellees agreed that

"* * * as a further inducement to the Hobbs Houses, Inc. to enter into the foregoing Lease Contract, [we] do hereby jointly and severally guarantee the performance of all the conditions and obligations placed upon Hobbs White Truck Company, Incorporated, under the foregoing Lease Contract and agree upon demand to perform any and all obligations required to be performed under the terms thereof."

The appellees were also the sole owners of Plains White Truck Company, Inc. On October 30, 1959, Plains White Truck Company, Inc., Wright and Dalby jointly entered into a contract with the appellant and Hayden whereby appellant and Hayden purchased all of the stock in Hobbs White Truck Company, Inc. The sales contract contained the following paragraph:

"It is further understood and agreed between the parties hereto that the Hobbs White Truck Company, Inc. will remain in its present location and comply with all the terms and provisions of that certain lease contract entered into between Hobbs Houses, Inc., and Hobbs White Truck Company, Inc. on February 11, 1957, and further that in case the physical assets of the Hobbs White Truck Company, Inc. are sold, that the purchasers herein will obligate any subsequent purchaser of the physical assets to remain in such location and comply in full with the provisions of said lease contract."

In September 1963, appellant placed Hobbs White Truck Company, Inc. in voluntary bankruptcy and personally delivered the corporation and its assets, including the lease, to the referee in bankruptcy. The trustee in bankruptcy occupied the premises and paid the rent for a period of seven months, October 1963 through April 1964. The trustee then abandoned the property and possession was taken by the appellees. Thereafter, Plains White Truck Company, Inc. made monthly rental payments to Hobbs Houses, Inc. pursuant to the terms of the lease for seven months, starting in May 1964.

Subsequently, in February 1965, the appellees negotiated a new lease on the premises with the Western Company of North America. Prior to the execution of this lease and after the filing of this suit and third-party complaint, Plains White Truck Company, Inc. had paid to Hobbs Houses, Inc. $3,500.00 in rentals due under the lease and the further amount of $4,000.00 as a settlement of the balance due by the terms of the lease to Hobbs Houses, Inc. Reimbursement was demanded but was refused.

The court found that by the contract of October 30, 1959 the appellant had guaranteed the performance of the Hobbs Houses, Inc. lease and awarded appellees judgment for $7,500.00.

Appellant first contends that the court erred in granting relief because ap-

578

pellees had suffered no damages. True, the full amount for which judgment was rendered was paid in behalf of and at the request of appellees by Plains White Truck Company, Inc. but this is no bar to recovery as the action was on the basis of duties owed personally to them. Compare Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368; and Marston Co. v. Central Alaska Fisheries Co., 201 Cal. 715, 258 P. 933.

Appellant next complains that the contract of October 30, 1959 did not constitute a guaranty of performance of the February 11, 1957 lease and that evidence outside the guaranty theory of the case was heard. This is not the view we take. By the 1959 contract, appellant agreed to comply with all the terms of the 1957 lease which included the guaranty of performance. Whether a particular transaction constitutes a guaranty must be determined by the terms of the contract and by surrounding circumstances. See Durant v. Snyder, 65 Idaho 678, 151 P.2d 776. See, also, Hudepohl Brewing Co. v. Bannister, 45 F.Supp. 201 (W.D.S.C.1942); First State Bank of Windom v. McElwrath, 266 S.W. 837 (Tex.Civ.App.1924); and 30 Am. Jur.2d, Evidence, § 1032. Compare McCallister v. National Bank of New Mexico of Raton, 40 N.M. 143, 56 P.2d 485. The evidence clearly shows that appellant and Hayden intended first to sign a letter guaranteeing performance of the February 11, 1957 lease but when it developed that a letter of guaranty would adversely affect their credit, they decided to include it in the sales contract. The court properly admitted this evidence showing the circumstances surrounding the making of the contract. See 33 A.L.R.2d 960.

It is contended further that the trustee in bankruptcy assumed the lease as a part of the bankrupt estate, and that his discharge terminated appellant's obligation. The record does not support this contention. While there is evidence that the trustee took over the assets of the bankrupt estate and paid rents for the use

and occupancy of the leased premises, the evidence does not show that the trustee assumed the lease. Bankruptcy Act, 11 U.S. C. § 110(b).

The record being free of error, the judgment should be affirmed, and it is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.