In re Henry Allen FLOWERS, Debtor.

COLOR WORLD TV RENTAL, INC., a New Mexico corporation, Plaintiff,

v.

Robert WHITE, Henry Allen Flowers, Town and Country Color TV, Inc., and Donald D. Becker, as trustee for the estate of Henry Allen Flowers, debtor, Defendants.

and

In re TOWN AND COUNTRY COLOR TV, INC., Debtor.

COLOR WORLD TV RENTAL, INC., a New Mexico corporation, Plaintiff,

v.

Robert WHITE, Henry Allen Flowers, Town and Country Color TV, Inc., and Donald D. Becker, as trustee for the estate of Henry Allen Flowers, debtor, Defendants.

Bankruptcy Nos. 81–00999 MA, 81–01000 MA.

Adv. Nos. 82–0230 M, 82–0231 M.

United States Bankruptcy Court, D. New Mexico.

Dec. 20, 1982.

Philip H. Gursky, Albuquerque, N.M., for plaintiff.

Michael E. Kushner, Albuquerque, N.M., for defendant White.

Donald D. Becker, Albuquerque, N.M., for defendant trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the Complaints for Declaratory Judgment filed by Color World TV Rental, Inc. (Color World), against Robert White (White), Henry Allen Flowers (Flowers), a debtor before this Court in case number 81–00999, Town and Country Color TV, Inc. (T & C), a debtor before this Court in case number 81–01000, and Donald D. Becker, trustee for the estate of Henry Allen Flowers. These complaints are the result of an action filed by White in Bernalillo County District Court to collect the balance due on a promissory note. White's claim in the suit, No. CV–81–07189, pled by him as a counterclaim in this case, is based on the allegation that, as successor in interest to Town & Country TV Rental, Inc. (T & C Rental), Color World is responsible for payments made by White as guarantor to the holder of a note executed by T & C and T & C Rental. Color World alleges that it is not responsible to White for reimbursement or, if they are found to be so liable, that Flowers and T & C are liable to them for any amount which they are found to owe to White.

The facts, based on the evidence presented at trial, are these:

On April 1, 1978, Janice Scheid (Scheid) entered into an agreement with White and Flowers under the terms of which she was to sell them all outstanding stock of T & C and T & C Rental for $40,000.00. $10,000.00 of the purchase price was paid in cash, with the balance to be paid in 60 monthly payments of $500.00 each. As evidence of this agreement there were four simultaneously executed documents. They include (1) a purchase agreement outlining the terms and conditions of the stock purchase, which names White and Flowers as "Buyers," (2) an addendum to that agreement, dealing with interest to be paid on the purchase agreement, also listing White and Flowers as "Buyers," (3) a note in the amount of $30,000.00 as evidence of the balance due Scheid under the stock purchase agreement signed by T & C and T & C Rental which shows White and Flowers as guarantors, and (4) a security agreement giving Scheid

a security interest in all inventory and personal property of T & C and T & C Rental as collateral for the $30,000.00 note and which lists T & C and T & C Rental as "Debtor," and shows Flowers and White to be personal guarantors. It was the intention of the parties that as a result of the stock transaction, White would own 51% of the T & C and T & C Rental stock and Flowers would own the remaining 49% of each. Prior to default, the amounts paid by T & C and T & C Rental to Scheid on the note for White's stock were shown on the books as amounts otherwise due White as personal income from the corporations and were also shown on White's income taxes as personal income.

The note went into default after the first of January, 1981, and Scheid, after contacting Flowers, made demand upon White. Scheid and White made an agreement whereby, upon payment of a discounted sum of $10,400.00, Scheid delivered the note to White. On October 15, 1981, White filed suit in Bernalillo County District Court against Color World as the party responsible to him for reimbursement. Color World, in that suit, admitted that it was the successor in interest to T & C Rental and then filed its Complaints for Declaratory Judgment in this court.

### Discussion of Law

The issues presented to the Court for decision are: (1) Who were the makers of the promissory note delivered to Scheid, and, (2) based on the identity of the makers, whether Color World is liable to White for the $10,400.00 paid by White to Scheid.

The evidence requires the conclusion that the makers of the note were White and Flowers. The money paid by T & C or T & C Rental was money which, according to all records, would otherwise have been personal income and not company funds. The stock was the personal property of White and Flowers, not having been bought back by the two companies. It is understandable that Scheid should require the security of all the inventories and personal property of T & C and T & C Rental to secure the note delivered to her. However, the result is

that T & C and T & C Rental were accomodation parties to the note. N.M.Stat.Ann. § 55–3–415(1) (1978). This conclusion is inescapable when all four documents executed as part of the stock transfer agreement are considered, as is required by New Mexico law. N.M.Stat.Ann. § 55–3–119 (1978); see also Wright v. Sumruld, 78 N.M. 576, 434 P.2d 695 (1967). Since the terms of all such documents are binding upon even a holder in due course with notice of them, Id., and White had such notice since he was a party to each, the Court does not reach the question of whether he is a holder in due course. The Court finds only that, based upon all the evidence, the makers of the promissory note were White and Flowers. Based upon that finding, the Court further finds that White has no right of contribution or reimbursement from Color World. N.M.Stat.Ann. § 55–3–415(5) (1978). The issue of whether any other party is so obligated to White is not before the Court.

An appropriate order shall enter.