Charles B. Everson, Respondent, *v.* R. Nelson Gere et al., Appellants.

*It seems* a special guaranty is limited to the person to whom it is addressed and may not be assigned until a right of action has arisen thereon.

In an action upon a promissory note it appeared that the note was indorsed payable to J. C. & Co., "or order" and delivered to that firm, having attached to it a guaranty, signed by defendants, which recited that, for value received from J. C. & Co., they guaranteed to said firm, payment of the note. Subsequently, and before maturity, J. C. & Co. indorsed and transferred the note to plaintiff "without recourse," and at the same time executed and delivered an assignment thereof, with the guaranty attached. *Held*, that the guaranty was general, not special and personal to J. C. & Co., and so, was assignable; and that plaintiff could maintain an action thereon.

*E. N. Bank* v. *Kaufmann* (93 N. Y. 273), distinguished.

Reported below, 40 Hun, 248.

(Argued June 27, 1890; decided October 7, 1890.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made April 20, 1886, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Circuit and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. The instrument in question is a special, not a general guaranty. (*Whitney* v. *Groot*, 24 Wend. 81; *Birkhead* v. *Brown*, 5 Hill, 634; *Barns* v. *Barrow*, 61 N. Y. 39; Daniels on Neg. Inst. § 1768; *E. N. Bk.* v. *Kaufmann*, 93 N. Y. 276.) Such a guaranty cannot, before a cause of action has occurred thereto, be transferred or assigned to a third person, not named therein or included in its terms in such a manner as to give such transferee a right of action thereon. (Burge on Suretyship, 40; *Barns* v. *Barrow*, 61 N. Y. 42; *Walsh* v. *Bailie*, 10 Johns. 180; *Penoyer* v. *Watson*, 16 id. 100; *Birkhead* v. *Brown*, 5 Hill, 634; *E. N. Bank* v. *Kaufmann*, 93 N. Y. 273; *Tucker* v. *Blandin*, 48 Hun, 439.)

*Waters & McLennan* for respondent.    The guaranty in this case was to John Crouse & Co., and except that it was the guaranty attached to a negotiable promissory note it may be said to be special as to the parties, like all other contracts not negotiable, but not otherwise. · It was assignable. (*Stillman* v. *Northrup*, 109 N. Y. 473.)   The guaranty was so general that it required the guarantors to see that the promise contained in the note was fulfilled in every respect. (*Dorham* v. *Maurow*, 2 N. Y. 543.)   The guaranty was transferable. (*Claflin* v. *Ostrom*, 54 N. Y. 581; *People* v. *T. C. P.* 19 Wend. 76; Code Civ. Pro. § 1916; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Byrshie* v. *Wood*, 24 id. 607, 612; *Field* v. *City of New York*, 1 Field's L. B. 252.)   A party is entitled to the aid of the court in enforcing his rights after a contract is broken, but the nature of the right remains the same so far as its assignable qualities are concerned. (*People* v. *T. C. P.*, 19 Wend. 73; Code Civ. Pro. § 449; *Field* v. *May*, 8 N. Y. 179; *Hall* v. *City of Buffalo*, 2 Abb. Ct. App. Dec. 301; *Devlin* v. *Mayor, etc.*, 50 How. Pr. 3, 7; *Craig* v. *Perkins*, 40 N. Y. 181; *Jackson* v. *Blodget*, 1 Cow. 202; *Gould* v. *Ellery*, 39 Barb. 163 ; *Cooper* v. *Derrick*, 22 id. 516 ;. *McLaren* v. *Watson*, 26 Wend. 425; *Crist* v. *Burlingame*, 62 Barb. 351; *Gates* v. *McKee*, 13 N. Y. 231; *Church* v. *Brown*, 21 id. 319.)

HAIGHT, J.    This action was brought to recover the amount due upon a promissory note guaranteed by the defendant.

It appeared that on the 12th day of February, 1884, the Syracuse Iron Works executed its promissory note for $36,000, payable to the order of Charles E. Hubbell, treasurer, twelve months after date, with interest at six per cent per annum, payable semi-annually; that the note was indorsed · by Charles E. Hubbell, treasurer, "pay John Crouse & Co. or order," and delivered to them, and attached thereto was the following guaranty signed by the defendants: "For value received of John Crouse & Co., we do hereby guarantee to said John Crouse & Co. the payment of the note hereto annexed, made by the Syracuse Iron Works, for $36,000.

Said note being dated February 12, 1884, payable twelve
months after date at the Merchants' National Bank of Syra-
cuse, with interest at six per cent per annum, payable semi-
annually." Subsequently, and before the maturity of the
note, John Crouse & Co. indorsed the same to the plaintiff
"without recourse," and at the same time executed and
delivered an assignment thereof, together with the written
guaranty attached thereto. The trial court granted a nonsuit
upon the following grounds : That the guaranty sued upon is
special, personal to John Crouse & Co., and did not accrue
to the benefit of the plaintiff. That no cause of action had
accrued upon the guaranty at the time of its assignment, and
that no cause of action thereon was or could be assigned to the
plaintiff. That John Crouse & Co. having undertaken to
assign the guaranty before the maturity of the note, the plain-
tiff acquired no right thereunder and cannot maintain the
action.

The later propositions are involved in the former, so that
but one question requires discussion, and that is whether the
guaranty sued upon is special and personal to John Crouse &
Co., or is to be regarded as a general guaranty for the pay-
ment of the note. It will be observed that the guaranty was
executed and attached to the note at the same time that it was
indorsed and delivered to John Crouse & Co. By the general
rules of construction, papers thus executed and delivered are
to be considered together as one instrument, and the intention
of the parties determined therefrom. (*McLaren* v. *Watson,*
26 Wend. 425 ; *Church* v. *Brown,* 21 N. Y. 315–319.)

The note upon which the guaranty was attached was nego-
tiable, and was indorsed payable to the order of John Crouse
& Co. By the guaranty the defendant undertook to pay John
Crouse & Co. in case the maker did not pay the note at its
maturity. It was transferable from person to person by
indorsement. No trust or confidence was imposed in John
Crouse & Co., and it consequently appears to us that it was
the intention of the parties to undertake to pay the note to
them, or to the person or persons to whom they should trans-

fer it. (*Stillman* v. *Northrup*, 109 N. Y. 473–481.; *Craig* v. *Parkis*, 40 id. 181 ; *Claflin* v. *Ostrom*, 54 id. 581 ; *U. Bank* v. *Executors*, 3 id. 203.)

A special guaranty is limited to the person to whom it is addressed, and usually contemplates a trust or reposes a confidence in such person. Such a guaranty may not be assignable until a right of action has arisen thereon. (*E. N. Bank* v. *Kaufmann*, 93 N. Y. 273.)

In that case the defendants had written Bingham Brothers to the effect that any draft that they may draw on A. Feigelstock of their city they guaranteed to be paid at maturity Here was trust and confidence reposed. The draft or drafts were to be drawn in the future, and as contemplated by the parties in the natural course of their business transactions. But in the case at bar the guaranty was attached to a promissory note previously executed and delivered. Its amount and time of payment was fixed. The defendants undertook to pay if the maker did not, and it could make no difference to them whether they paid to John Crouse & Co. or to some other person to whom they had transferred their claim.

We consequently are of the opinion that the order of the General Term should be affirmed and judgment absolute ordered for the plaintiff upon the stipulation.

All concur except Follett, Ch. J., not sitting.

Order affirmed and judgment accordingly.