# FIRST NATIONAL BANK OF OGDEN v. TAYLOR et al.

No. 2158. Decided February 25, 1911 (114 Pac. 529).

1. GUARANTY—NATURE OF LIABILITY OF SURETY. Where one guarantees the note of a third person, there is no special trust or confidence involved, and the guaranty follows the note, and may be enforced by any one entitled to collect it. (Page 519.)

2. GUARANTY—NATURE OF LIABILITY OF SURETY—CAUSE OF ACTION. Where a cause of action has accrued upon a guaranty, it may be assigned, though the guaranty is a special one, which cannot be assigned before the cause of action arose. (Page 520.)

3. HUSBAND AND WIFE—GUARANTY—REQUISITES AND VALIDITY—NOTICE TO PRINCIPAL. Where a wife guaranteed certain notes of her husband, the fact that he was ignorant of her action does not invalidate the contract; privity of contract between the debtor and the guarantor being unnecessary. (Page 520.)

4. GUARANTY—VALIDITY—CONSIDERATION. Extension of time of payment of the note of another is a sufficient consideration to support a guaranty. (Page 521.)

5. GUARANTY—INSTRUCTIONS—APPLICABILITY TO EVIDENCE. Where a complaint on a guaranty set up no consideration save that expressed in the contract, which was an extension of time, and issue was joined on the defendant's plea of lack of consideration, an instruction that if plaintiff agreed to and did forbear to enforce the debt as specified in the contract, or if plaintiff extended credit to the defendant in consideration of the guaranty, the jury should find for plaintiff, was erroneous, as the existence of a consideration other than that of extension of time was outside the issues raised by the pleadings. (Page 523.)

6. TRIAL—INSTRUCTIONS—ISSUES. In an action on a guaranty, where the only consideration alleged was an extension of time, which was denied by defendant, the mere fact that defendant's counsel on cross-examination brought out that there was another and different consideration did not authorize the court to instruct as to the existence of that consideration. (Page 523.)

7. GUARANTY—REMEDIES OF CREDITORS—ISSUES. In an action on a guaranty, where the only consideration alleged was an extension of time, and the parties had joined issue on its existence, evidence as to another consideration is not admissible. (Page 524.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by First National Bank of Ogden against Sarah M. Taylor and others.

Judgment for plaintiff. Defendant named, appeals.

REVERSED AND REMANDED.

*H. H. Henderson* and *John C. Davis* for appellant.

*Richards & Boyd* for respondent.

FRICK, C. J.

This action was brought to recover judgment against the defendants, R. L. Taylor, J. L. Taylor, and Sarah M. Taylor, as guarantors of one R. J. Taylor, deceased. In the

complaint two causes of action are set forth. The first is based upon a note made and delivered by said R. J. Taylor in his lifetime to the Ogden Savings Bank (hereafter styled Savings Bank) for the sum of eleven hundred and twenty-five dollars, dated January 23, 1901, and payable on demand. The second cause of action is based upon two notes made and delivered by said R. J. Taylor to the First National Bank of Ogden (hereafter called National Bank), one for one thousand dollars, dated October 8, 1903, payable in six months after date, and the other for two thousand dollars, dated March 21, 1904, payable on demand. Demand is duly alleged in the complaint. No question arises with respect to said notes, but the whole controversy relates to two contracts of guaranty which it is alleged were made and delivered by all three of the defendants, and upon which a recovery against all was sought as guarantors of the notes aforesaid. One of the contracts of guaranty was delivered to the Savings Bank to guarantee the payment of the eleven hundred and twenty-five dollar note, and the other was delivered to the National Bank to secure the payment of the two notes aforesaid, and also to secure an overdraft. The overdraft, is however, not declared on in the complaint, and hence is out of the case. The action was brought in the name of the National Bank for the alleged reason that the note and contract of guaranty belonging to the Savings Bank had been duly assigned to the National Bank for the purpose of bringing this action. The expressed consideration and conditions of the contracts of guaranty for all of the notes as disclosed from the face of the contracts were the same; hence it will be necessary to set forth only one of them, the material parts of which are as follows: "Now, therefore, in consideration of the agreement on the part of the said First National Bank of Ogden, Utah, to forbear to demand or insist upon payment of said notes an overdraft for a period of ninety days from date hereof, the undersigned hereby undertake and promise to pay to the said First National Bank of Ogden, Utah, each and every of said notes, with the interest as therein specified, and also

the aforesaid overdraft, or any indebtedness that may remain, in the event that the said R. J. Taylor shall not, at the expiration of said period of ninety days, pay the same." The only difference between the two contracts is that in the one the National Bank agreed to forbear and the debts owing to it are mentioned, while in the other the Savings Bank agreed to a forbearance, and its debt is set forth. Both contracts were duly signed by all three of the defendants in the presence of a witness. R. L. and J. L. Taylor, two of the defendants made default by failing to appear in the action or to answer the same. Sarah M. Taylor filed an answer in which she set forth a number of defenses. The only one that is material, however, upon this appeal, is the one that the contracts of guaranty in so far as she was concerned were without consideration, and therefore not enforceable as against her. The case was tried to a jury and resulted in a verdict and judgment against all of the defendants upon both contracts of guaranty, and Mrs. Taylor alone appeals.

While her counsel have assigned quite a number of errors in their brief, they have discussed but a few of them, which we will now proceed to consider.

It is contended that the contracts of guaranty were personal or special and therefore not assignable, and, if not assignable, the National Bank had not legal authority to prosecute the action upon the note and guaranty delivered to the Savings Bank. The guaranty delivered to the Savings Bank was to guarantee the payment of the promissory note which was in form negotiable, and the undertaking was to pay such note with interest in the event the original payor, Mr. R. J. Taylor, should fail to pay the same. Such a guaranty, while limited in that it undertakes to pay a special debt only, is, nevertheless, general, in that the agreement is to pay such debt at all events in case the original debtor defaults. No special trust or confidence is involved in such a guaranty, and hence the guaranty follows the debt, and may be enforced by any one who has a legal right to enforce the payment of the debt. This

principle is illustrated and applied in the following, among numerous other, cases that might be cited: *Gould v. Ellery*, 39 Barb. (N. Y.) 163; *Everson v. Gere*, 122 N. Y. 290, 25 N. E. 492; *Evansville Nat. Bank v. Kaufmann*, 93 N. Y. 273, 45 Am. Rep. 204. Moreover, in the case at bar, it is disclosed that, when the assignment of the note and mortgage was made by the Savings Bank to the National Bank, R. J. Taylor had defaulted, and therefore a cause of action had accrued upon the contract of guaranty, and, when such is the case, the principle contended for by appellant's counsel has no application. A cause of action which has accrued upon a special guaranty may be assigned and an action maintained thereon, although the contract before a breach might not have been assignable. See case last above cited. This contention, therefore, cannot prevail.

It is, however, further contended by appellant's counsel that she is not bound because R. J. Taylor was not a party to, nor had any knowledge of, the guaranty. With regard to this contention, the material facts are that R. J. Taylor was the husband of appellant; that at the time the guaranty agreements were entered into Mr. Taylor was very ill, so that the doctors in attendance had forbidden all communication with him; that while Mr. Taylor was in such condition the cashier, who represented both banks, came to the home of appellant and her husband and demanded adjustment of Mr. Taylor's debts; that to avoid troubling Mr. Taylor appellant, with R. L. and J. L. Taylor, who were her sons and who had had and continued to have business relations with the respondent bank, entered into the two guaranty contracts that Mr. Taylor in about two weeks thereafter died, and never became a party to nor had any knowledge of the guaranty agreements. In order to bind appellant, it was not necessary that her husband, the debtor whose obligations were guaranteed, should either be a party to the guaranty agreements, or should even be made aware of them. The law upon this subject is clearly and tersely stated in 20 Cyc. 1412, in the following language:

"It is not necessary, in order that the guaranty should be binding upon the guarantor, that the debtor should have knowledge of the transaction, or be in any way a party thereto." The reason for the rule is that privity of contract between the debtor and guarantor is not required. The following cases are squarely in point: *Solary v. Stultz*, 22 Fla. 263; *Hughes v. Littlefield*, 18 Me. 400.

Nor is the contention tenable that there was no consideration for the agreement in so far as appellant was concerned. The guaranty upon its face recites a sufficient consideration, and the undisputed evidence is to the effect that, pursuant to the agreement, the bank actually extended the time by forbearing to bring suit. An extension of the time is in itself sufficient consideration to support a contract of guaranty. The authorities to this effect are numerous, if not unanimous. In the cases cited below, as in the case at bar, the wife had guaranteed the payment of her husbanw's debts, and she contended that she was not bound because of lack of consideration. It was made to appear, however, that there had been an extension of time, and for that reason the courts held the contention untenable. (*Low Bros. & Co. v. Anderson*, 41 Iowa 476; *Smith v. Spaulding*, 40 Neb. 339, 58 N. W. 952; *Faulkner v. Gilbert*, 57 Neb. 544, 77 N. W. 1072.) The following cases are to the same effect: *Ives v. McHard*, 103 Ill. 97; *Dahlman v. Hammel*, 45 Wis. 466; *Coffin v. Trustees, etc.*, 92 Ind. 337; *Pulliam v. Withers*, 8 Dana (Ky.) 98, 33 Am. Dec. 479. In the foregoing cases numerous other cases are cited to which it is unnecessary to refer. This contention, therefore, must be overruled.

A more serious question, however, arises with respect to the charge of the court. As we have pointed out, the action is grounded on two written guaranties. In the guaranties the appellant, as guarantor, promised to pay certain obligations if the same were not paid by her husband upon the express condition that respondent should for a period of ninety days forbear to "demand or insist" upon payment of the obligations aforesaid. Appellant thus agreed to pay a specific debt upon the condition that respondent would for

a specified time forbear to demand payment thereof. Here we have a promise for a promise, and the action is based upon appellant's promise, and the consideration for her promise is specifically set forth in the agreement sued on, and no other consideration is alleged in the complaint. At the trial of the case, however, upon cross-examination of one of respondent's witnesses, it developed that there was what the respondent now claims constituted an additional consideration for the contract of guaranty. In this connection, it must be remembered that one of appellant's defenses relied on by her was that there was no consideration for the contract of guaranty. Since, therefore, the consideration alleged in the complaint was forbearance to demand payment for a specified time by respondent, the burden of proof to establish the consideration was upon it. This burden respondent undertook to meet by proving that it did forbear for the time specified, and it now asserts that it did comply with the conditions imposed upon it in the guaranty contract. The theory of appellant on the trial, as we understand her counsel, was that the alleged forbearance was a mere subterfuge, and was suggested by respondent's agents for the sole purpose of obtaining her promise to guarantee the debt of her dying husband. Whether this claim in fact was well founded or not is not now material. It is sufficient that it was presented as an issue in the case. and hence was a question for the jury to pass on. That is, it was for the jury to say whether the promise to forbear was as appellant claimed it to be or not. The court, however, charged the jury that, if they believed that respondent had agreed to and did forbear as specified in the guaranty agreement, such forbearance would be a sufficient consideration to support her promise of guaranty. So far, the court's charge was undoubtedly correct.

But the court did not stop there. It also charged the jury that if they found that the respondent had extended credit to appellant or to the other two defendants, or to either one of them, in consideration of appellant's promise, as disclosed by the testimony of the witness aforesaid, then such exten-

sions of credit would likewise constitute a good and sufficient consideration to support her promise of guaranty. Her counsel now insist that the court erred in thus charging the jury. In our opinion the charge was manifestly erroneous for the reason that it was based upon an issue or matter not raised by the pleadings. As we have seen, the contract of guaranty clearly expressed the consideration upon which it was based, and in the complaint no other consideration was alleged. Appellant, as we have seen, joined issue on the alleged consideration. The issue, therefore, wes whether the consideration mentioned in the contract existed as a matter of fact. If it did, it no doubt was sufficient in law to support appellant's promise; but, if it did not as a matter of fact—that is, if, as appellant now contends, it was a mere subterfuge—then the consideration would fail, and her promise would not be supported by a legal, and hence not by a binding, consideration. But, if the court's charge was correct, then, although the jury may have believed that the promise of forbearance on the part of respondent was not made in good faith, but was a mere subterfuge to induce appellant to enter into the guaranty agreement, yet they could have found against her on the other elements which the court charged were a sufficient consideration to bind her. In such event, the findings of the jury might not be against her upon the consideration expressed in the agreement of guaranty and the one relied on in the complaint, but upon a consideration entirely different and upon a question on which she did not have her day in court.

Counsel for respondent, however, seek to sustain the charge of the court upon two grounds: (1) That the elements which it is claimed constituted the additional consideration were brought out on cross-examination by appellant's counsel; and (2) because the true consideration in support of a contract may always be shown. We cannot agree to the first proposition. While it is true that courts will not reverse a judgment when it is made to appear that the parties have by common consent brought

some matter into the case and tried it upon the theory that it was properly before the court or jury, yet the mere fact that certain matters are brought out on cross-examination does not authorize either the court or the plaintiff in the case to depart from the issues in the complaint and recover upon some ground not alleged therein. If such a practice were permitted, no one could with any degree of certainty say either before or after a trial what the issues in fact were. Moreover, as we have pointed out, it might be that a plaintiff might suffer defeat upon the allegations of his complaint, but can, nevertheless, succeed upon some fact that was first volunteered by his own witness and pursued by the attorney of the adverse party. It is too elementary to require discussion or authority that under a system of written pleadings such a course cannot be approved. As to counsel's second proposition, that the true consideration may always be shown, there are quite a number of important exceptions. Assuming, but not deciding, that ordinarily, where the consideration is not contractual, a different or additional consideration from that expressed in the agreement may be shown; yet, in case the plaintiff in his complaint relies only upon the consideration expressed in the agreement, may he show and rely on a different consideration from that stated in his complaint without at least amending it, and by giving the adverse party an opportunity to tender an issue on the new consideration alleged? The general rule is that, where a party agrees to perform a specific thing in consideration that the opposite party also do or omit to do a specific thing, neither can ordinarily require the other to do a different thing or to do more than such party promised to do. In this case respondent alleged that appellant agreed to guarantee her husband's debt upon condition that it would forbear for a specified time to demand or insist upon payment thereof. This is what appellant came into court to meet, but when once there, because her counsel, upon cross-examination, pursued a certain answer of a witness, she is confronted with the claim that, if

the consideration expressed in her contract failed, there is still another one which is good and sufficient.

In view that counsel on neither side have either brifed or orally argued the question as to whether the contract in question falls within the class where the expressed consideration may or may not be varied by parol, and because the question, in our opinion, cannot properly arise until the respondent, in view of the expressed consideration in the contract sued on, by proper pleadings presents the issue of additional consideration, we shall not pass upon the question whether the contract sued on comes within the class where, although the consideration is stated in express terms, that notwithstanding this a further and additional consideration may be shown at the trial.

For the reasons above stated, the judgment is reversed, and the cause remanded to the district court, with directions to grant appellant a new trial. Costs to appellant.

McCARTY and STRAUP, JJ., concur.