HORACE L. HELFRICH, APPELLANT, V. IRVING F. BAXTER ET AL., APPELLEES.

FILED JANUARY 25, 1935. No. 29137.

*Gaines, McGilton, McLaughlin & Gaines,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, Fradenburg, Stalmaster, Beber & Klutznick* and *Montgomery, Hall & Young, contra.*

Heard before Goss, C. J., Good, Eberly, Day, Paine and Carter, JJ., and Chappell, District Judge.

Carter, J.

This was an action brought by the appellant to foreclose a real estate mortgage and secure a deficiency judgment from the appellees herein. On July 22, 1919, one Blanche J. Elwood executed a note for $14,000 and secured the same by a mortgage on the real estate involved in this

action. On September 25, 1919, one Irving F. Baxter purchased the mortgaged property, taking the title to himself as trustee for himself and others, including the appellees herein. The appellant, Helfrich, purchased the note and mortgage on December 6, 1923, and on July 22, 1924, Helfrich and Baxter entered into an agreement extending the loan for five years. On January 5, 1928, Helfrich and the appellees and others entered into a contract regarding the mortgaged property which will be described more fully later on in this opinion. On August 3, 1932, Helfrich filed his petition to foreclose the mortgage with a prayer for a deficiency judgment against all of the defendants. A decree of foreclosure was entered July 3, 1933, finding the amount due on the note and mortgage to be $14,142.98, and a further amount of $838 due for redeeming the property from tax sale. The property was sold to Helfrich on August 29, 1933, for $2,000, subject to accumulated taxes amounting to $6,288.53, leaving a balance due the appellant, Helfrich, after exhausting his security, of approximately $13,000. From an order dismissing appellant's application for a personal judgment against Samuel W. Reynolds, Abe Herzberg, Jr., and Clifford W. Calkins, appellees herein, the appellant, Helfrich, appeals.

Appellant's first contention is that he is entitled to a deficiency judgment for all the balance due. The record discloses that Baxter and his associates, the appellees herein, purchased the property involved here for the sum of $51,150. It was encumbered at that time by mortgages totaling $30,000, which were deducted from the purchase price. Appellant contends that these facts constitute an assumption of the mortgage indebtedness.

Appellant relies on the case of *Rockwell v. Blair Savings Bank,* 31 Neb. 128, from which we quote as follows: "The property was conveyed by a deed of general warranty which makes no mention of any encumbrance. Austin Rockwell and Isaac Tebury were the only persons who gave testimony as to the terms of the agreement for the

sale of the lot. The testimony of these witnesses agrees that the purchase price was $2,500; that Tebury only paid the Rockwells $300; that he never agreed to pay the balance of the considerations to them, and gave no obligation for the remainder of the contract price. Tebury knew of the existence of the mortgage for $2,200 held by the bank when the sale was made, and after obtaining the deed he paid three instalments of interest on the lien. Austin Rockwell also testified that Tebury agreed to pay the amount due the bank on the mortgage. This testimony is not overcome by the evidence of Tebury. While he swears on his direct examination that nothing was said about his paying the mortgage, yet on cross-examination he says he has no recollection of anything being said about his taking care of the mortgage debt. He was also asked on cross-examination 'How did you pay the other $2,200?' His answer was: 'A mortgage holds it.' He makes no claim in his testimony that he only bought the Rockwells' equity of redemption, but admits that he was to pay $2,500 for the property; that he only paid $300 of the same, and that the mortgage holds the balance. The testimony establishes beyond any question that Tebury retained part of the purchase price to pay the $2,200 encumbrance. He thereby made the mortgage debt his own and is therefore personally liable with the Rockwells for the amount of the deficiency remaining after the foreclosure of the mortgaged premises."

A part of the case above quoted indicates that the liability for a deficiency was based on an agreement to pay the mortgage. This is in line with the subsequent holdings of this court. That part of the opinion that indicates a liability for deficiency where a mortgage is deducted from the purchase price is not in harmony with the decisions of this court. By deducting the amount of the mortgage and paying the balance in cash, the purchaser does not assume and agree to pay the debt. Recitations in a deed of conveyance that said deed is subject to a mortgage or that said mortgage is a part of the considera-

tion or purchase price do not create an assumption agreement. It is our opinion, and we so hold, that to entitle the holder of a mortgage to a deficiency judgment against a purchaser of the premises mortgaged, the proofs must be such as would enable such mortgagee to maintain an action against such purchaser for the amount secured by said mortgagee. *Green v. Hall*, 45 Neb. 89. We therefore hold that appellant is not entitled to a deficiency judgment for the full amount remaining unpaid, for the reason that he does not come within the rule above announced. That part of the opinion in *Rockwell v. Blair Savings Bank*, hereinbefore cited, which infers that the deduction of liens from the purchase price of real estate, or the purchase of realty subject to mortgage, amounts to an assumption of the debt, in the absence of an agreement to the contrary, is hereby disapproved.

Appellant contends that the extension agreement of July 22, 1924, entered into by Baxter as trustee for appellees, amounts to an assumption of the debt by the appellees. To this we cannot concur as there is no agreement to assume the debt contained· in the extension contract.

The appellant contends that appellees are liable for a personal judgment because of the written agreement entered into on January 5, 1928, which was signed by Helfrich and each of the appellees herein, the material part of which is as follows: "That said parties of the second part jointly and severally further agree to pay or cause to be paid, to the extent of the value of said premises, including the proceeds from the sale thereof and the income derived therefrom, to said H. L. Helfrich the interest as it falls due according to the terms of the said fourteen thousand dollar mortgage note, also the principal of said mortgage note at its maturity, as fixed by said extension agreement, and we further agree to pay to said H. L. Helfrich all other expenses and costs incurred or to be incurred by him in connection with this contract and in connection with the purchase and holding of said certifi-

cate of purchase, including said sale, until said sale is finally confirmed and the deed of the county treasurer executed and delivered to said party of the first part, or his assigns."

The appellees contend, however, that there is no. consideration for the agreement and that it is therefore void. We are of the opinion that there is a sufficient consideration to sustain it. The contract provides:

"That P. J. Tebbens may purchase said real estate at said sheriff's sale, and receive the certificate of purchase therefor, which certificate of purchase said H. L. Helfrich agrees to have assigned to him by said P. J. Tebbens within five (5) days after said sale, on condition, however, that the parties of the second part provide and furnish to said P. J. Tebbens a sufficient amount of money to cover his bid for said property at said sale, which amount of money the parties of the second part agree to so furnish at said time.

"Party of the first part further agrees to hold said certificate of purchase as security for said fourteen thousand dollars indebtedness represented by said fourteen thousand dollar note, for the period of eighteen (18) months from the date of said certificate of sale, and in the event any other person or concern, within the time provided by statute, makes a premium bid or bids on said property, over and above the amount for which said property is sold at said sheriff's sale, that said party of the first part will thereafter and within the time required by law, increase said premium bid or bids to an amount sufficient to protect said security under said certificate of purchase, and will thereafter take such action as the law requires to secure the confirmation of said sale and to secure a deed from the county treasurer of Douglas county, Nebraska, of said real estate, pursuant to said sale and confirmation."

It will be noted that Helfrich agrees, not only to purchase the certificate of purchase, but he also agrees to hold the same for 18 months, protect against premium

bids, and get a confirmation at the bidder's price. Appellees receive an actual financial benefit by this transaction as they can redeem only by paying all the taxes and interest.

The contract further provides: "Said party of the first part further agrees to assign and deliver said certificate of purchase over to said parties of the second part at any time after he receives the same and prior to the time he receives the county treasurer's deed for said real estate, upon payment by the parties of the second part or any of them of the amount then due said party of the first part on said indebtedness, and expenses, and further agrees to promptly execute and deliver to the parties of the second part his deed to said real estate after he acquires title to said real estate through said certificate of purchase, on condition that the parties of the second part or either of them then pay him the amount of money then due him on said indebtedness, and expenses."

It will be observed that appellant agrees to assign all the benefits of his purchase to appellees either before or after the deed is issued by the county treasurer. It would appear from these portions of the contract that appellees have received a consideration for their promises made in the contract. Their property was about to be lost through a tax foreclosure and, under the arrangement made, appellant agreed to protect them from a tax sale at the bidder's price instead of the redemption price that would have been required in order to redeem. The appellant has agreed to perform certain acts that benefited the appellees that he was under no obligation to perform. The fact that the appellant was benefited by the transaction is not material. If the appellees received any benefit, the consideration is sufficient. This court has held: "The requirement of a legal consideration to the validity of a contract arises out of the necessity or propriety of protecting the promisor against fraud and overreaching; but the law's solicitude does not extend to the point of requiring the consideration to be of a specific character or amount, and

leaves these questions, in the absence of fraud or mistake, to the determination of the parties. We are, therefore, not concerned with the particular thing, nor its value, which the promisor has considered a sufficient inducement for his promise. All that we are required to do is to ascertain that the subject-matter of the consideration is such as to warrant an inference of value to the promisor, or that he considered it of value; and it need not be pecuniary in the sense that it may be said to be worth so many dollars, but this quality may be found in the accomplishment, actual or secured by the promisor of some object or purpose which appeals to him of such importance that he is willing to pay a pecuniary value for it." *In re Estate of Griswold,* 113 Neb. 256. Under this rule, it is a valid contract supported by a sufficient consideration. The trial court therefore erred in refusing a personal judgment computable under the terms of the contract.

The appellees further contend that a deficiency judgment cannot be obtained in this case because of section 20-2141, Comp. St. 1929, as amended by chapter 41, Laws 1933, providing as follows: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof." This statute was passed with an emergency clause and was approved on August 26, 1933. The petition in the case at bar was filed on August 3, 1932, so that it was pending when the statute became effective. While the above statute does not contain a saving clause, such repeal did not affect the matters herein, as section 49-301, Comp. St. 1929, provides: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing act." The trial court therefore has the power in this case to grant the deficiency judgment.

The order of the district court sustaining the motion

of the appellees for a dismissal of appellant's application for a deficiency judgment is therefore reversed and the cause remanded for a new trial in accordance with this opinion.

REVERSED.