HENRY W. STOWERS, EXECUTOR, APPELLEE, V. EVETT M. STUCK: ARCHIE C. JONES, APPELLANT.

FILED JULY 8, 1936. No. 29592.

*McNeny & Sprague,* for appellant.

*H. A. Brubaker, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

Plaintiff brought this suit in equity September 21, 1933, to foreclose on land in Nuckolls county a 6,000-dollar mortgage dated February 17, 1925. Archie C. Jones, one of the defendants, had purchased the land October 8, 1926, subject, according to the deed, to the mortgage of $6,000, which he assumed as part of the consideration. November 13, 1933, there was a decree of foreclosure directing the sale of the mortgaged premises for the delinquent debt of $6,556.93, interest and costs, unless paid within 20 days. Defendants took a stay of execution for nine months. Plaintiff purchased the land at sheriff's sale September 17, 1934, under the decree of foreclosure, for $4,000, and the sale was confirmed October 29, 1934. A deficiency judgment was entered in favor of plaintiff and against defendant Archie C. Jones for $3,500 on March 13, 1935, from which the latter appealed.

Is the deficiency judgment invalid or erroneous? Jones takes the position that an amendatory act of the legislature took from the court of equity power to render the deficiency judgment in the suit to foreclose the mortgage. Prior to the amendment, a statute empowered the district

court to enter judgment for the unpaid portion of the debt after a foreclosure sale. Comp. St. 1929, sec. 20-2141. The former provision, however, was amended to make the following change in the law:

"When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof." Comp. St. Supp. 1935, sec. 20-2141.

The amendment was passed with an emergency clause and went into effect April 26, 1933. Laws 1933, ch. 41, sec. 1. As a result, the original provision authorizing a deficiency judgment in an equity suit to foreclose a mortgage, if the amendment alone is considered, seems to have been repealed.

Plaintiff contends, notwithstanding the amendment quoted, that his right of action on his claim for the deficiency was preserved by the following general saving clause applicable to the repeal of statutory provisions:

"Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." Comp. St. 1929, sec. 49-301.

In support of this contention plaintiff cites the case announcing the following rule:

"Section 20-2141, Comp. St. 1929, as amended by chapter 41, Laws 1933, taking away the power of the court to enter deficiency judgments in equity actions, is not applicable to a suit pending at the time it went into effect by virtue of the general saving clause act, section 49-301, Comp. St. 1929." *Helfrich v. Baxter,* 128 Neb. 281, 258 N. W. 532.

The general saving clause provides that "Such repeal shall in no manner affect pending actions" founded on the provisions repealed. Plaintiff's action was not pending at the time of the repeal. The amendment went into effect April 26, 1933, and the petition was not filed until September 21, 1933. Under the general saving clause, does the

repeal affect "causes of action not in suit that accrued prior to any such repeal?" Plaintiff's action was not in suit and a cause of action for the debt had not accrued when the amendment was passed. On the face of the mortgage the debt of $6,000 was not payable until March 1, 1935. A mortgage clause permitted mortgagee to exercise an option to declare the entire debt due after default in interest instalments and taxes. In the petition alleging such default, it is stated:

"By reason of said default the plaintiff had the option which he now exercises to declare the whole amount secured by the mortgage due and collectible and has the right to foreclose said mortgage."

This declaration was made when the petition was filed, when the cause of action first accrued, September 21, 1933, which was after the amendment was passed. A cause of action or claim for a deficiency judgment did not accrue prior to the accrual of the cause of action to foreclose the mortgage. The date of the foreclosure sale was September 17, 1934. It was not previously known what the deficiency would be. The amendatory or repealing act had long been in force.

It has been held on principle that the general saving clause preserves the right of action on a claim for a deficiency judgment, though the debt secured by the mortgage was not due when the amending or repealing act was passed. In an opinion by former Chief Justice Sullivan, in which he considered an act of 1897, purporting to take from a mortgagee the right to recover a deficiency judgment, he said:

"There is, so far as we can discover, no reason at all why the legislature, in enacting the general saving statute, should make a distinction between contracts upon which an action may be maintained at once and those not yet due. Each class of contracts seems entitled to exactly the same consideration and in our opinion both are within the meaning of the clause, 'Causes of action not in suit.' The qualifying clause, 'that accrued prior to any such repeal,'

has reference, not to the time when the right to institute an action accrued, but to the time when the obligation out of which the action arose came into existence. This construction of the general saving law is consonant with reason and brings the act of 1897 into entire harmony with the provision of the federal Constitution inhibiting the enactment of any law impairing the obligation of contracts." *Burrows v. Vanderbergh,* 69 Neb. 43, 95 N. W. 57.

The law thus announced was followed in *Hunter v. Lang,* 5 Neb. (Unof.) 323, 98 N. W. 690; *Daniels v. Mutual Benefit Life Ins. Co.,* 73 Neb. 257, 102 N. W. 458. See, also, note in 45 L. R. A. n. s. 247. Following these precedents, the conclusion necessarily is that the deficiency judgment against Jones in the case at bar is not invalid for want of power of the court below to render it, the right of action on the claim therefor having been preserved by the general saving statute as formerly construed.

It is further contended that the trial court erred in excluding proof that Jones, who purchased the mortgaged land, did not assume the mortgage and that the recital of assumption in the deed was contrary to the contract of purchase actually made.

The mortgagors were Albert W. Kling and Dollie A. Kling and the mortgagee was Randel G. Stowers. The suit was brought by "Henry W. Stowers, as executor of the estate of Randel G. Stowers, deceased." Jones bought the land from the Klings and accepted the deed containing the recital that he assumed the mortgage. His answer to plaintiff's petition contains the following paragraph:

"This defendant did not assume said mortgage debt or any part thereof and did not agree to pay said mortgage debt or any part thereof as part of the consideration of said land; that the words in said deed, 'which grantee assumes together with interest from March 1, 1927, as part of consideration herein,' were inserted in the deed without the consent or knowledge of this defendant by a mistake of the notary who drew the deed, and without any agreement therefor between this defendant and the said defend-

ants Kling and said clause in said deed appears therein by, mutual mistake of all parties to said deed."

In an attempt to prove this defense, Jones, a witness in his own behalf, was asked the following question:

"Was there any agreement on your part with Mr. Stowers or Mr. Kling—you made the trade with him—to assume this Stowers' mortgage?"

To this question there was an objection as follows:

"Incompetent, irrelevant and immaterial, seeking to contradict the plain terms of written instruments, inadmissible."

The objection was sustained. There was an offer to prove the issuable fact which counsel sought to elicit and much more. An objection to the offer was also sustained. While the form of the question and the offer of proof not elicited by it were open to criticism on technical grounds, they plainly advised the court of equity of the purpose to prove the defense that Jones did not assume the mortgage and that consequently he was not liable for a deficiency judgment. In the trial before the court without a jury, justice might have been administered and a second trial avoided by liberal rulings on evidence. There was no substantial ground for sustaining the objection to the inquiry. Proof that Jones did not assume the mortgage, because such proof would contradict the deed, was not inadmissible under the general rule that a written instrument cannot be contradicted by parol evidence. Plaintiff was not a party to the deed and as to him Jones was not required to reform the written instrument before challenging the assumption clause as no part of the contract actually made. The following principles are in harmony with former decisions:

"The grantee in a deed containing a clause that the grantee assumes and agrees to pay certain mortgages on the land is ordinarily not estopped from denying such recital, and may show by parol evidence that, in fact, he never made such an agreement." *Peters Trust Co. v. Miskimins,* 115 Neb. 88, 211 N. W. 615.

In the same case the opinion states that the mere fact no steps were taken to reform the deed to make it conform to the contract does not necessarily prevent oral proof that grantee did not assume the mortgage as recited in the assumption clause—citing, *Hare v. Murphy,* 60 Neb. 135, 82 N. W. 312; *Green v. Hall,* 45 Neb. 89, 63 N. W. 119; *Durland Trust Co. v. Payne,* 106 Neb. 135, 182 N. W. 1016.

In these views of the law the trial court erred in rejecting proof that Jones did not assume the mortgage. For this error the judgment below is reversed and the cause remanded for further proceedings.

REVERSED.