FIRST TRUST COMPANY OF LINCOLN, AS SUCCESSOR-TRUSTEE, APPELLEE, V. EASTRIDGE CLUB OF LINCOLN ET AL., APPELLEES: ADELMAR B. CHALOUPKA ET AL., APPELLANTS.

279 N. W. 720

FILED MAY 20, 1938. No. 30219.

*Beghtol, Foe & Rankin, Max Anderson, Ralph W. Ford, S. M. Kier, F. H. Wagener, Walter E. Nolte* and *Peterson & Devoe,* for appellants.

*Harry R. Ankeny, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

EBERLY, J.

This is an appeal from a deficiency judgment entered in behalf of plaintiff on April 19, 1937, in a suit in equity for

the foreclosure of a certain mortgage and the enforcement of obligations secured thereby and connected therewith.

The brief of appellants says, in part:

"There were thus involved in this action two principal issues—one for the foreclosure of the mortgage, and the other the liability of the guarantors. It is concerning the latter action that this appeal is taken. There is no controversy in this case concerning the propriety of the foreclosure action, the issue in this court being whether or not the terms of the instrument signed by the members of the Eastridge Club bind them to pay certain sums for which judgment was entered against them in the district court."

In connection with the issues thus stated, the chronology of the events of this litigation becomes of importance. On September 12, 1936, plaintiff, the First Trust Company, as the duly appointed, qualified and acting successor-trustee of the Lincoln Trust Company, a bankrupt, and the Lincoln Safe Deposit Company, a bankrupt, filed its petition in equity as such successor-trustee of an express trust for all beneficiaries of said trust. The relief sought included the enforcement of certain first mortgage bonds set forth therein and copies of which formed a part of the petition for the foreclosure of the mortgage executed and delivered by the Eastridge Club in consideration of a loan of $50,000 received from the Lincoln Safe Deposit Company, securing the payment thereof, and the enforcement of a certain contract of guaranty set forth therein which was executed by appellants herein and others, and for other relief.

The following is a copy of this guaranty, omitting the signatures thereto, viz.:

"Guarantee against ultimate loss.

"Know all men by these presents: That the undersigned in consideration of Lincoln Safe Deposit Company, a corporation of Lincoln, Lancaster county, Nebraska, making a loan to the Eastridge Club, a corporation, of Fifty Thousand Dollars, do hereby guarantee the said Lincoln Safe Deposit Company against ultimate loss by reason of the making of said loan, it being understood and agreed that

in case it becomes necessary to foreclose said mortgage that said Lincoln Safe Deposit Company will attend to such foreclosure, pay all court costs incident thereto, and when the property securing said loan is sold and sheriff's deed issues, if it does not sell for a sufficient amount to pay said loan in full with interest according to the terms of the mortgage including costs, then and in that event the undersigned each agrees to make up one one-hundredth part of such deficiency plus a reasonable attorney's fee for conducting said foreclosure. It being the intention that the loan will be guaranteed as above by one hundred members of Eastridge Club and it being further agreed and understood that in no event will any one guarantor be called upon to pay, or be liable for, more than Five Hundred Dollars.

"Said loan is secured by a leasehold interest in the South Half of the Northwest Quarter and a tract containing thirty acres in the North Half of the Northwest Quarter of Section Thirty-four, Township Ten, North, Range Seven, East of the 6th P. M. in Lancaster county, Nebraska, together with all improvements located on said land; is dated December 1, 1926, with Fifteen Hundred Dollars payable semiannually on principal until eight instalments are paid, and thereafter $2,000 payable semiannually until eleven instalments are paid, and the balance payable at the end of the tenth year with interest at the rate of six per cent. per annum, payable semiannually.

"Hereby binding our heirs, legal representatives, or assigns.

"Witness our hands this 1st day of Nov. 1926."

With respect to said guaranty, it is further alleged in said petition that as part of the loan transaction the defendants who are the appellants herein were financially interested in said Eastridge Club at the time of the making of said $50,000 loan, and for the purpose of securing the same from the Lincoln Safe Deposit Company, said appellants executed and delivered such guaranty, and the terms and effect of said guaranty are fully alleged in said plead-

ing. As a part of the prayer of said petition, plaintiff prays that "each of them (said guarantors) be decreed to be personally liable for any deficiency remaining after applying the proceeds of said sale (of the mortgaged property) to said indebtedness."

On October 20, November 7, and November 19, 1936, appellants filed demurrers to the petition, which challenge the sufficiency thereof on the same grounds as now presented on appeal. Thereafter demurrants "plead over" and in their several answers include the same defenses to the petition as now presented in the brief as appellants herein. Plaintiff then took issue by replies thereto.

On February 11, 1937, after hearing, on the evidence and pleadings, the district court found generally in favor of plaintiff upon its petition, that the allegations therein contained are true and the relief therein prayed should be granted, and found against the defendants. Also, the district court therein found specially as to the guarantors executing said guaranty (appellants herein) that they "were each at all times financially interested in the Eastridge Club, a corporation, and were the sole or principal stockholders, officers and directors of said corporation; that as part of the loan transaction involved ·herein, and as a consideration therefor, said defendants executed and delivered to the Lincoln Safe Deposit Company, a corporation, their certain written individual guaranty, a correct copy of which is attached to plaintiff's petition, marked Exhibit 'A' and made a part of said pleading; that, by the terms of said guaranty, said defendants and each of them guaranteed, covenanted and agreed that, in case of foreclosure of said mortgage and in the event of a sale of the mortgaged security and in the event of a deficiency resulting therefrom, they and each of them would pay a one one-hundredth part of the deficiency, if any, of principal, interest and costs, plus a reasonable attorney's fee for conducting said foreclosure, it being further agreed that no one of said guarantors would be called upon or liable for more than the sum of $500.

"That said guaranty, the mortgage bonds and mortgage securing said indebtedness, are all a part of the same transaction and should be construed together as one entire contract, and that the assignment and transfer of the mortgaged bonds by the Lincoln Safe Deposit Company operates as an assignment and transfer of the security of said guaranty and all rights thereunder; that the plaintiff, as the owner and holder of said mortgage bonds, has succeeded to all rights of the Lincoln Safe Deposit Company as mortgagee and holder of the security evidenced by said guaranty.

"That it was necessary to foreclose said mortgage and plaintiff, trustee, as holder and owner of said mortgage bonds, has by this action attended to such foreclosure as contemplated by the terms of said guaranty.

"That when the mortgaged security is sold and a sheriff's deed issues, if the mortgaged security does not sell for a sufficient amount to pay the mortgage debt in full with interest according to the terms of said mortgage, including costs, then and in that event the said guarantors, defendants herein, * * * shall be liable to plaintiff for a sum equal to one one-hundreth part of the total deficiency, the amount thereof to be hereafter determined by the court, but that in no event shall any of said guarantors be liable for more than the sum of $500."

It was in said decree adjudged that there was due plaintiff on the indebtedness evidenced by the bond and mortgage in suit and guaranteed by appellants herein the sum of $34,317.34 with interest, and said mortgaged premises were by the terms of said decree ordered sold as upon execution. It was further provided, ordered and adjudged in said decree "that if the amount derived from the sale of the mortgaged property * * * is insufficient to pay the amount due the plaintiff, the defendants (guarantors) * * * shall each be individually and personally liable * * * for a one one-hundredth part of the balance of the deficiency due plaintiff."

On March 5, 1937, an order of sale was issued on said

decree and the property covered by decree of foreclosure and sale was sold in the manner provided by law. And, on April 10, 1937, the sale was confirmed. On April 12, 1937, plaintiff filed a motion for deficiency judgment against all guarantors, appellants herein, each for the amount as determined by the decree of February 11, 1937. On April 19, 1937, motion for deficiency judgment was sustained and judgment entered conforming thereto. On April 22, 1937, motion for a new trial in behalf of guarantors was filed, and on May 13, 1937, such motion was overruled. On June 19, 1937, transcript on appeal was filed in the supreme court.

Notwithstanding the enactment of chapter 41, Laws 1933, this court is committed to the view that "The general saving statute preserves a right of action on a claim for deficiency judgment in a suit to foreclose a mortgage not due nor in litigation at the time the legislature, without a special saving clause, passed the act of 1933 repealing the statutory provision which permitted such a judgment." *Stowers v. Stuck,* 131 Neb. 409, 268 N. W. 310.

In the instant case, there being personal service of summons followed by personal appearance of the guarantors in the proceeding, the jurisdiction to enter a deficiency judgment, when sustained by proper evidence, is unquestioned.

In this case, the liability of appellants, upon issues duly formed by the pleadings as well as evidence introduced in support thereof, was fully determined by the decree entered on February 11, 1937.

Appellants' motion for new trial, filed on April 22, 1937, was directed to the deficiency judgment entered on April 19, 1937, and sets forth no facts occurring since the entry of the decree of foreclosure on February 11, 1937. It also must be conceded that more than three months elapsed between the filing and entry of that decree and the filing of the transcript on appeal in this court.

The situation thus disclosed brings this case within the scope of the following decisions:

"While the decree finding personal liability first rendered in a foreclosure proceeding is to a certain extent interlocutory, yet, as to findings of fact made in such decree on issues properly pleaded, it is not subject to review on objections to a deficiency judgment." *Parratt v. Hartsuff*, 75 Neb. 706, 106 N. W. 966.

See, also, *Stover v. Tompkins*, 34 Neb. 465, 51 N. W. 1040; *Brand v. Garneau*, 3 Neb. (Unof.) 879, 93 N. W. 219; *Carstens v. Eller*, 5 Neb. (Unof.) 149, 97 N. W. 631; *Smith v. Allen*, 72 Neb. 170, 100 N. W. 129; *Kloke v. Gardels*, 52 Neb. 117, 71 N. W. 955; *Union Central Life Ins. Co. v. Saathoff*, 115 Neb. 385, 213 N. W. 342; *Stuart v. Bliss*, 116 Neb. 305, 216 N. W. 944; *Arnold v. Hawley*, 128 Neb. 766, 260 N. W. 284.

In *Patrick v. National Bank of Commerce*, 63 Neb. 200, 88 N. W. 183, we held: "Where facts showing defendant's liability for a deficiency are set out in the petition to foreclose, and judgment for a deficiency against those personally liable for the debt is prayed, the court has jurisdiction, after a sale of the mortgaged premises, to enter a deficiency against the defendants so found liable on a motion therefor by the plaintiff."

Under the record thus presented, we are precluded from considering the matters embraced in and determined by the decree of February 11, 1937.

However, waiving arguendo these legal objections, and considering the case solely on the evidence, we are satisfied that the disposition made by the trial court of the issues presented by the motion for a new trial is in all respects correct.

In cases such as here presented, sound policy would appear to require the highest effort to discover and effectuate the intention of the parties involved at the time of the execution of the instrument in suit. For this purpose this court has said: "It is proper to look into other papers constituting parts of the same transaction and to consider the nature and course of the business between the parties." *Rice v. McCague*, 61 Neb. 861, 867, 86 N. W. 486. See, also, *Tootle v. Elgutter*, 14 Neb. 158, 15 N. W. 228.

So, also, where the contract of guaranty is executed contemporaneously with, and as a part of, the consideration of the contract guaranteed, the law imputes notice to all parties immediately related to the transaction of its character and extent. This principle is certainly applicable here in view of the identity of interest between the guarantors and the Eastridge Club. *Wright v. Griffith,* 121 Ind. 478, 23 N. E. 281.

The view above set forth is quite in harmony with the general rule that a note, a mortgage securing the same, and a guaranty relating thereto, being executed substantially contemporaneously as one transaction, are to be construed together. 28 C. J. 918; *Charlestown Five Cents Savings Bank v. Zeff,* 275 Mass. 408, 176 N. E. 191; *Baker v. James,* 280 Mass. 43, 181 N. E. 861; *Skilton v. R. H. Long Cadillac LaSalle Co.,* 265 Mass. 595, 164 N. E. 652; *Luikart v. Massachusetts Bonding and Ins. Co.,* 129 Neb. 771, 263 N. W. 124.

In the instant case, the assignment of the "first mortgage real estate bonds," evidencing the debt secured, by necessary implication, carried with it to the assignee the real estate mortgage by which they were secured, and also the guaranty assuring the payment thereof.

Nor do we find the guaranty in suit "special" in the sense contended for by appellants. Considered as an entirety, in connection with the bonds and mortgage evidencing the indebtedness referred to therein, and the purpose to be accomplished thereby as established by the surrounding circumstances, the guaranty is unrestricted as to right of transfer, and though running to the Lincoln Safe Deposit Company it is equally available to the assignee of the principal contracts and enforceable by him, or by the trustee who is his legal representative in the present suit. See, *Stillman v. Northrup,* 109 N. Y. 473, 17 N. E. 379; *Abraham Lincoln Life Ins. Co. v. Reynolds Mortgage Co.,* 30 Fed. (2d) 790; *Everson v. Gere,* 122 N. Y. 290, 25 N. E. 492; *First Nat. Bank v. Taylor,* 38 Utah, 516, 114 Pac. 529; *McGowan v. Wells' Trustee,* 184 Ky. 772, 213 S. W. 573.

It follows, even though we consider the defenses presented on this appeal as proper to be now heard, still the conclusion remains that the judgment of the district court is correct, and it is, therefore,

AFFIRMED.