Rose Filley, appellee, v. Samuel Mancuso et al., appel-
lants.

281 N. W. 850

Filed October 28, 1938.  No. 30419.

*Charles W. Haller,* for appellants.

*Beckman & Beckman, contra.*

Heard before Rose, C. J., Eberly, Paine, Carter and
Messmore, JJ.

Rose, C. J.

This suit was commenced to foreclose a 6,000-dollar
mortgage on a residence lot fronting on Hanscom Park in
the city of Omaha. Rose Filley is plaintiff and Samuel Man-
cuso and Mary Mancuso, his wife, are defendants.

April 20, 1935, the district court decreed foreclosure for
unpaid debt and interest amounting to $8,607.74. The de-
cree of foreclosure is not now reviewable.

Under the decree the sheriff sold the mortgaged premises
January 11, 1938, to Frank L. Tedesco for $3,400.

On motions of plaintiff the sale was confirmed by the

district court January 22, 1938, and a deficiency judgment entered against both defendants for $5,207.74. From confirmation of the sale and from the deficiency judgment, defendants appealed.

On appeal the judicial sale is challenged as erroneous and invalid because, as argued, it was not made at the time and place designated in the published notice. The sheriff published legal notice that he would sell the mortgaged property at 10 o'clock a. m., Tuesday, January 11, 1938, at the east door of the Douglas county courthouse, to the highest bidder for cash. The trial court admitted affidavits in evidence on the motion to confirm the sale. They tended to prove that no one from the sheriff's office appeared at the proper place to make the sale at 10 o'clock a. m. In the same manner it was shown that a deputy sheriff appeared for that purpose 10 minutes later and that the sale was made within the hour between 10 and 11 o'clock the same forenoon. There was nothing to prove that any prospective bidder for this particular property left before it was offered for sale. The sheriff's return recited it was sold at the time and place stated in the published notice. The trial court found the sale was made according to law. The confirmation stated on sufficient evidence that the sale was made for a fair price and would not likely bring a better price at a resale. If, therefore, the sheriff was 10 minutes late at the place of the sale, defendants were not thus prejudiced or entitled to a reversal on account of the delay.

Defendants insist further that the deficiency judgment against them was unauthorized because the statute providing for relief of that kind was repealed in 1933, without a clause preserving rights created by the legislation repealed. Comp. St. Supp. 1935, sec. 20-2141. This position is untenable under a former ruling.

"The general saving statute preserves a right of action on a claim for deficiency judgment in a suit to foreclose a mortgage not due nor in litigation at the time the legislature, without a special saving clause, passed the act of 1933 repealing the statutory provision which permitted such a

judgment." *Stowers v. Stuck,* 131 Neb. 409, 268 N. W. 310. See *Helfrich v. Baxter,* 128 Neb. 281, 258 N. W. 532; Comp. St. 1929, secs. 49-301, 20-2141.

It is contended further that the deficiency judgment against Mary Mancuso, wife of the principal debtor, is erroneous and unauthorized because there is no evidence that she bound, or intended to bind, her separate estate when she signed the note and the mortgage. Neither instrument recites that she intended to do so. There is no evidence in the record to that effect. On the contrary, the evidence at the hearing on the motion for a deficiency judgment is uncontradicted and its import is that she did not bind, or intend to bind, her separate estate for her husband's debt, but signed the instruments according to custom to perfect a lien on the mortgaged property to secure his own debt; that the wife did not at the time of the transactions involved herein, nor since, engage in any trade or business or perform personal services for hire. In this view of the issue and the evidence, the deficiency judgment against the wife is without support in fact or law. *Grand Island Banking Co. v. Wright,* 53 Neb. 574, 74 N. W. 82. The deficiency judgment against defendant Mary Mancuso is reversed and the motion therefor as to her overruled. In other respects the judgment below is affirmed at the costs of defendant Samuel Mancuso.

JUDGMENT ACCORDINGLY.