ANNA VLAZNY, APPELLANT, V. FRANZ DITTRICH, APPELLEE.

285 N. W. 697

FILED MAY 5, 1939. No. 30649.

*Moyer & Moyer,* for appellant.

*James Nichols, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER and JOHNSEN, JJ., and KROGER, District Judge.

PAINE, J.

This action was for the foreclosure of a mortgage in Madison county, and for a deficiency judgment against the makers of the note secured by such mortgage, both instruments being dated March 28, 1932. The sale of the real estate left a deficiency in the sum of $499.87. Sale confirmed. Motion for deficiency judgment overruled and denied. Plaintiff appeals.

The errors relied upon for reversal set out that the denial of the deficiency judgment is contrary to the pleadings and the evidence, as well as contrary to law; that such action of the trial court constituted an abuse of discretion.

There is really only one question involved in this appeal: Was the plaintiff wrongly deprived of a deficiency judgment, to which she was entitled under the law?

Section 20-2141, Comp. St. 1929, provided that, if any balance of a mortgage debt remained unsatisfied after the sale of the mortgaged premises, the court should have power to enter judgment for such deficiency in cases in which such balance would be recoverable at law, and to issue execution as in other cases against other property of the mortgagor.

House Roll No. 10, being chapter 41, Laws 1933, was an

act to divest courts of the power to enter a deficiency judgment in the foreclosure of real estate mortgages, and amended section 20-2141, Comp. St. 1929, in accordance therewith. There being an emergency clause in this act, it took effect on April 26, 1933, and did not contain a saving clause. However, the general saving clause is found in section 49-301, Comp. St. 1929, and reads: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

The petition in the case at bar was filed May 1, 1937, and it was therefore a cause of action not in suit at the time the amendment took effect on April 26, 1933, repealing the deficiency judgment law.

In reference to the effect of the general saving clause in such a case, we can quote Chief Justice Sullivan, who said: "There is, so far as we can discover, no reason at all why the legislature, in enacting the general saving statute, should make a distinction between contracts upon which an action may be maintained at once and those not yet due." *Burrows v. Vanderbergh*, 69 Neb. 43, 95 N. W. 57.

The general saving statute (Comp. St. 1929, sec. 49-301) preserves a right of action on a claim for deficiency judgment in a suit to foreclose a mortgage not due nor in litigation at the time the legislature, without a special saving clause, repealed the law which permitted such judgment. *Filley v. Mancuso*, 135 Neb. 403, 281 N. W. 850; *First Trust Co. v. Eastridge Club*, 134 Neb. 785, 279 N. W. 720.

The judgment of the trial court, denying motion for deficiency judgment, is hereby reversed and remanded to enter judgment in accordance herewith.

REVERSED.