WILLIAM A. MYERS, APPELLEE, v. JOHANNES PERSSON, APPELLANT.

FILED OCTOBER 17, 1913.     No. 17,349.

Evidence: PAROL EVIDENCE: AMBIGUITY. Ambiguity in a written instrument may be explained by oral testimony showing the mutual understanding of the parties.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. Affirmed.

Tibbets, Anderson & Baylor, for appellant.

H. H. Mauck, contra.

ROSE, J.

The relief sought is the specific performance of a contract to exchange real estate. William A. Myers, plaintiff, and Cassen Cassens each separately contracted with the state to purchase a 40-acre tract of school land in Nuckolls county for $8 an acre, the appraised value. Both tracts were crossed diagonally by the Missouri Pacific railway. Nineteen acres of the land purchased by Cassens were east of the railroad and four acres of the tract purchased by Myers were west of the railroad. These fractional parts the purchasers agreed to exchange, though they did not at the time have title. Their writings are in form as follows: "I hereby assign, and transfer unto William A. Myers all my right, title and interest in

and to the east part of the S. E. ¼ of the N. W. ¼ east side the M. P. R. R. about 19 acres for the 4 acres west side the M. P. R. R. in the N. E. ¼ of S. W. ¼ sec. 16, town 1, range 7 west by paying me $7.35 per year till we get clear title from the state and settle the differents. Witness our hands this 30th day of April, 1891. C. Cassens. In Presence of Edwin J. Murfin." "I hereby assign, and transfer unto Cassen Cassens all my right, title, and interest in and to the west part of the N. E. ¼ of the N. W. ¼, sec. 16, T. 1, R. 7, about 6 acres west side the M. P. R. R. for the 19 acres east side the M. P. R. R. in S. E. ¼ N. W. ¼, sec. 16, town 1, range seven west by paying him $5.62 per year till we get clear title from the state and settle the differents. Witness our hands this 30th day of April, 1891. W. A. Myers. C. Cassens. In presence of Edwin J. Murfin."

No point is made on an error in description or on the inconsistency in the amount of interest to be paid annually.

After execution of the instruments copied, each party thereto surrendered to the other possession of the exchanged land. Cassens died before acquiring title to the 40-acre tract purchased by him from the state, and his school-land contract was sold to defendant, Johannes Persson, with notice of Cassens' agreement with Myers. As Cassens' successor, Persson paid the state the remainder of the purchase price and procured a deed to the entire 40-acre tract. Plaintiff pleads that he has performed on his part or tendered performance of all of the terms of the exchange contract, and that, within the meaning of the term "settle the difference," he is entitled to a deed for the 19-acre tract east of the railroad, upon paying for 15 acres at the appraised value of $8 an acre and conveying to defendant the four-acre tract west of the railroad. Defendant denied any obligation to make the exchange on a basis other than full value at the time of making transfers, though he admitted that after procuring title he offered to execute a deed and settle the difference on a valuation of $40 an

Myers v. Persson.

acre.   The trial court decreed specific performance and directed the parties to make the exchange on the basis of the appraised value of $8 an acre.   Defendant has appealed.

That defendant bought the school-land contract with notice of the exchange agreement is fairly established. Defendant repeatedly recognized the exchange contract by accepting interest according to its terms.   There is some discussion of the question of estoppel, but the evidence is clear that plaintiff did nothing to prevent him from demanding performance.

The controlling question in the case is the meaning of the term "settle the difference," as used in the exchange contract.   The trial court admitted testimony to show that the parties understood that settlement should be made on the basis of the appraised value of $8 an acre. Defendant insists that there is no competent testimony of that nature; that recognized rules for construing contracts as written allow him full value, and that he should not be required to perform on any other terms.   This position is obviously untenable.   Without reference to extraneous matters, the words "settle the difference" do not disclose definitely what was in the minds of the contracting parties.   It is elementary that ambiguity in a written instrument may be explained by oral testimony showing the mutual understanding of the parties.   Proof of this nature was properly admitted, and it fairly shows that the parties intended to settle the difference on the basis of the purchase price of $8 an acre, as fixed by their school-land contracts with the state.   They apparently adopted that basis in agreeing on the amount of interest which plaintiff should pay annually.   The oral testimony is consistent with the writings and justifies the decree for specific performance.

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.