HORACE L. HELFRICH, APPELLANT, V. IRVING F. BAXTER ET AL., APPELLEES.

FILED JUNE 13, 1936. No. 29781.

Gaines, McLaughlin & Gaines, for appellant.

Crofoot, Fraser, Connolly & Stryker, Fradenburg, Webb, Beber, Klutznick & Kelley and Hall, Young & Williams, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and FITZGERALD, District Judge.

DAY, J.

In this suit to foreclose a mortgage after the sale of the mortgaged premises, the plaintiff sought a judgment against the defendants involved in this appeal for the resulting deficiency on the mortgage debt in the sum of approximately $13,000. In 1919 Elwood executed a note, due in five years, and secured· it by this real estate mortgage. Helfrich bought the note and mortgage in 1923. The defendants and others purchased the property after the execution of the mortgage and took title in Baxter as trustee. They did not assume and agree to pay the mortgage debt. Payment of the note and mortgage was extended five years in 1923. For a more comprehensive statement of facts, see Helfrich v. Baxter, 128 Neb. 281, 258 N. W. 532, an opinion on a former appeal of this same case. It was determined by this court at that time: (1) That grantee's retention of the amount of the mortgage out of the purchase price does not render him personally liable for the mortgage debt in the absence of an agreement to pay it; (2) that section 20-2141, Comp. St. 1929, as amended by section 1, ch. 41, Laws 1933, taking away the power of the court to enter deficiency judgments was not applicable to this, a suit pending at the time the statute became effective; (3) that there was a valuable consideration for the contract between Helfrich and the

appellees for the contract of January 5, 1928; and (4) that the court has the power to award a deficiency judgment. The cause was remanded for a new trial in accordance with the opinion and not with directions to enter a judgment.

The decision of the supreme court upon a former appeal becomes the law of the case only as to the actual question then determined. *Schwanenfeldt v. Chicago, B. & Q. R. Co.*, 80 Neb. 790, 115 N. W. 285.

The only defendants involved in this appeal are Reynolds, A. Herzberg, and Calkins. They did not hold the legal title and are not liable for a deficiency on the mortgage unless by an agreement to pay the same.

It is now the contention of the plaintiff that, by virtue of a written agreement, the defendants are liable to pay the expenses and costs incurred in connection with the purchase and holding of the tax certificate and the subsequent taxes. They were not, of course, personally liable, prior to the execution of the agreement, either for the mortgage debt or the taxes and expenses incident to the tax sale.

This contention requires a construction of their contract of January 5, 1928, with Helfrich. In order to convey a clear idea of the question involved, it is necessary to set out the provisions of the contract relied upon to bind these defendants. It provides:

"That said parties of the second part jointly and severally further agree to pay, or cause to be paid, *to the extent of the value of said premises, including the proceeds from the sale thereof and the income derived therefrom,* to said H. L. Helfrich, the interest as it falls due according to the terms of the said fourteen thousand dollar mortgage note, also the principal of said mortgage note at its maturity, as fixed by said extension agreement, and we further agree to pay to said H. L. Helfrich all other expenses and costs incurred or to be incurred by him in connection with this contract and in connection with the purchase and holding of said certificate of purchase, including said sale, until

said sale is finally confirmed and the deed of the county treasurer executed and delivered to said party of the first part, or his assigns.

"Said parties of the second part further agree to promptly pay all state, county and city taxes and all special taxes not delinquent against said property not included in the said tax foreclosure suit, and will thereafter pay all taxes and assessments against said real estate, which will hereafter become due, before they become delinquent." (Italics ours.)

But this agreement also includes this provision: "It is mutually agreed between all the parties hereto that nothing herein contained shall affect the liability of the parties of the second part to the party of the first part on said fourteen thousand dollar note, until it is fully paid, regardless of the validity of this contract."

Now, since there was no personal liability of the defendants to pay the mortgage debt or the incidental taxes, this section by itself negatives the contention of the plaintiff that the contract was an agreement to assume personal responsibility. Another phrase in the last paragraph of the contract specifically states that this is not an extension of the term of the mortgage. This demonstrates that the terms of the contract as a whole are indefinite, ambiguous, and contradictory.

"The general rule appears to be that where parties have entered into a contract or agreement which has been reduced to writing, in the absence of fraud or mistake, parol evidence is not admissible to contradict, vary, alter, add to, or detract from the terms of the instrument." *Olson Construction Co. v. Commercial Building & Investment Co.*, 127 Neb. 609, 256 N. W. 22.

But an authority states the general rule applicable here as follows: "In arriving at the intention of the parties, where the language of a contract is susceptible of more than one construction it should be construed in the light of the circumstances surrounding them at the time it is made, it being the duty of the court to place itself as

nearly as may be in the situation of the parties at the time so as to view the circumstances as they viewed them, and so to judge of the meaning of words and the correct application of the language of the contract." 13 C. J. 542.

"The parol evidence rule does not preclude the admission of parol or extrinsic evidence for the purpose of aiding in the interpretation or construction of a written instrument, where the language of the instrument itself taken alone is such that it does not clearly express the intention of the parties or the subject of the agreement. Such evidence is admitted not to add to or detract from the writing, but merely to ascertain what the meaning of the parties is." 22 C. J. 1173. This court has recognized this rule in several cases.

"Ambiguity in a written instrument may be explained by oral testimony showing the mutual understanding of the parties." *Myers v. Persson*, 94 Neb. 467, 143 N. W. 447. In *Nebraska Hardware Co. v. Humphrey Hardware Co.*, 81 Neb. 693, 116 N. W. 659, it was held: "In interpreting a written contract, the meaning of which is in doubt and dispute, the court, in order to determine its meaning, will consider all the facts and circumstances leading up to and attending its execution, and will consider the relations of the parties, the nature and situation of the subject-matter, and the apparent purpose of making the contract. The court will, so far as possible, put itself in the place of the parties and interpret the contract in the light of the circumstances surrounding them at the time it was made and the object which they had in view."

Again, it has been said: "In construing a paragraph of a contract which is in dispute, the court must endeavor to place itself in the position of the parties, and ascertain their intention, as well as the object and purpose to be accomplished by the doubtful provision, and interpret it in the light of the actual facts and circumstances surrounding them at the time it was made." *Lyman-Richey Sand & Gravel Co. v. State*, 123 Neb. 674, 243 N. W. 891.

In the instant case, testimony was offered to aid in the

interpretation and construction of the written contract. The written contract is ambiguous and contradictory and does not clearly express the intention of the parties. It is necessary for the court to place itself in the position of the parties and ascertain their intention as well as the object and purpose to be accomplished by the doubtful provisions and interpret it in the light of the surrounding circumstances.

Mr. Baxter, one of the parties, and Mr. Olmsted, who drew the contract and contacted Helfrich, testified as to the negotiations. Mr. Olmsted prepared the contract agreeable to Helfrich and presented it to Baxter and the defendants. The contract as originally prepared was rejected because Baxter and the others thought it imposed personal liability for the mortgage debt. Baxter testified as follows: "Mr. Olmsted and Mr. Calkins and myself discussed the provisions of the proposed contract that attempted to hold myself and associates liable for the payment of the mortgage debt and taxes, and Mr. Olmsted contended that the provisions of the paper, as he drew it, did not hold us liable or obligate us, and thereafter said, 'Well, what changes would you propose?' And thereupon, on a piece of paper, I outlined along with Mr. Calkins a clause which I desired inserted in the document in question."

The clause proposed by Baxter was inserted by Olmsted and is indicated here by italics in the contract as set out. It is an inescapable conclusion from the testimony that it was not the intention of the parties that the defendants were to become personally liable for the mortgage debt or the taxes. While the contract might have been more carefully phrased, the parol evidence in connection with the clause inserted, that the defendants would pay to the extent of the value of said premises, *including the proceeds from the sale thereof, and the income derived therefrom,* would indicate that it was the positive intention of the parties that no personal liability should be assumed. Now, the defendants have accounted for all the income of the

property. This property was sold at foreclosure sale for $2,000 to Helfrich, and the sale confirmed because it was sold subject to over $6,000 of taxes, which the court found was an adequate price for the premises.

Our conclusion is in agreement with the finding of the trial court, and the judgment is

AFFIRMED.